CASE 30—INDICTMENT—OCTOBER—25.

# Cundiff v. Commonwealth.

APPEAL FROM OHIO CIRCUIT COURT.

AN INDICTMEMT under the statute for willful and malicious shooting and wounding with intent to kill need not charge that the act was done *feloniously.* As every act essential to constitute the crime is set forth in the statute, an indictment which follows the language of the statute is good.

E. DUDLEY WALKER FOR APPELLANT.

An indictment charging that appellant maliciously shot at and wounded another with intent to kill him, whereof he did not die, is insufficient, because it fails to state that the shooting was done with felonious intent.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The offense charged being statutory, it is sufficient that the indictment follows the language of the statute.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted, in the Ohio Circuit Court, for the willful and malicious shooting and wounding one Wallace, with the intent to kill him, Wallace. The lower court having overruled the appellant's motion for a new trial, he has appealed to this court.

The statute under which the appellee was indicted, tried and convicted, reads as follows: "If any person

Cundiff v. Commonwealth.

shall willfully and maliciously shoot at and wound another, with an intention to kill him, so that he does not die thereby, with a gun or other instrument loaded with leaden bullet, * * * * he shall be confined in the penitentiary not less than one nor more than five years." The indictment follows the language of the statute *supra*, and charges that the instrument used was a pistol.

The acts mentioned in the statute *supra* create a crime. The language used describes the crime in all its parts. Every act essential to constitute the crime is set forth. Therefore, if the indictment follows the language of the statute, as was done in this case, it sufficiently sets forth the crime.

In cases of crimes at common law, where the acts, in order to constitute the crime, must be done with a felonious intention, it is necessary to set out such intention in the indictment. In such cases the felonious intention is an essential ingredient of the crime, and the indictment is insufficient if it fails to set out such ingredient. Such was the ruling of this court in Kaelin v. Commonwealth, 84 Ky., 354. The distinction between the two classes of cases is readily perceived.

We have examined the instructions given and refused by the lower court. Those given are substantially correct; and those refused should not have been given.

The evidence shows clearly that the appellant is guilty of the crime charged.

The judgment of the lower court is affirmed.