CASE 23—INDICTMENT—APRIL 14.

# Commonwealth v. Chesapeake & Ohio Railway Company.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. INTER-STATE COMMERCE—CONSTITUTIONAL LAW.—Section 791, Kentucky Statutes, which provides that "every person operating, or that may hereafter operate a railroad in this State under a contract or lease, shall have the same recorded in the office of the Secretary of State, and in the county clerk's office of every county in which said road or any part thereof lies" does not interfere with the power of Congress to regulate commerce between States, and is not in violation of the Constitution of the United States.

2. SUFFICIENCY OF INDICTMENT.—An indictment for a purely statutory offense is sufficient if it follows the language of the statute, and expressly charges commission of the offense.

3. STATUTORY CONSTRUCTION.—The lease required to be recorded under the provisions of sec. 791 Ky. Stat., is a written lease.

W. S. TAYLOR AND M. R. LOCKHART FOR APPELLANT.

1. The lease referred to in sec. 791 of the Kentucky Statutes was evidently intended to be in writing, as it requires the same to be recorded in the office of the Secretary of State, and of the various county clerks.

W. H. WADSWORTH AND L. J. CRAWFORD FOR APPELLEE.

1. This statute is an attempt upon the part of the State of Kentucky to control a foreign corporation, and regulate commerce between the States, and is, therefore, unconstitutional.    Pensacola Tel. Co. v. West, 96 U. S., 12; Cuiper Mfg. Co. v. Furgeson, 113 U. S., 736; Horn Silver Mining Co. v. New York, 143 U. S., 314; Bateman v. Western Star Milling Co., 20 S. W. Rept., 931; Commonwealth v. Smith, 17 S. W. Rept., 188; Lyng v. Michigan, 135 U. S., 166; Hall v. Ducer, 95 U. S., 485; Louisville Ry. Co. v. Mississippi, 133 U. S., 587; State v. Hick , 11 Southern Rept., 74; Crutcher v. Ky., 141 U. S., 59; W. U. Tel. Co. v. City Council, 56 Fed. Rept., 319; Express Co. v. Seiber, 142 U. S., 50; W. U. Tel. Co. v. Attorney General, 125 U. S., 530; Wabash, &c. v. The People of Illinois, 113 U. S., 557; Robinson v. Shelby County, 120 U. S., 489; LeLoup v. Port of Mobile, 127 U. S., 640; Buddman v. People of New York, 143 U. S., 528; Fricklin v. Shelby County, 145 U. S., 19; Brass v. Dogett, 153 U. S., 391; Covington Bridge Co. v. Ky., 154 U. S., 209.

2. The statute evidently means a written lease, as no other kind could be recorded, and the indictment does not charge that the lease was written.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The indictment in this case, to which a general demurrer was sustained, charges appellee with the offence of operating a railroad in Kentucky under a lease without having the same recorded in the office of the secretary of State and in the county clerk's office, stated to have been committed as follows: "The Chesapeake & Ohio Railway Co., on the — day of ——, 1895 and 1896, before the finding of this indict- ment in the county aforesaid, did unlawfully operate a rail-

road in Kentucky, and through a part of Campbell county, in which a part of said road lies, under a lease from the Maysville & Big Sandy Railroad Co. without having the same recorded in the office of the secretary of State of Kentucky and in the county clerk's office of Campbell county, more than thirty days having elapsed since execution of the aforesaid lease by the Maysville & Big Sandy Railroad Co. to the Chesapeake & Ohio Railroad Co."

The indictment was found and returned under section 791, Kentucky Statutes, as follows: "Every person operating or that may hereafter operate a railroad in this State under a contract or lease shall have the same recorded in the office of the secretary of State and in the county clerk's office of every county in which said road or any part thereof lies, within thirty days after the contract or lease is executed, or, if heretofore made, within thirty days after this law goes into effect." And by section 799 "failure of any such company to comply with that requirement is made a misdemeanor, punishable by fine, to be recovered by indictment."

Counsel erroneously, as we think, argues section 791 is in violation of the Constitution of the United States, because interfering with the inter-State commerce, for adoption of it by the General Assembly is plainly a proper and legitimate exercise of police power belonging to each individual State, and necessary for the general welfare of the citizens thereof. The manifest purpose of the statute is to ascertain and identify the company having legal possession and control of each particular line of railroad within the State in order, first that taxes and public dues may be more readily and certainly collected, and obedience to law more effectually

enforced; second, that persons having business intercourse with common carriers may know with whom to deal, or if wronged or injured may know against whom to seek remedy. In what way enforcement of such statute can possibly interfere with power of congress to regulate commerce between the States we are unable to conceive, nor did the lower court sustain demurrer to the indictment upon that ground; but solely because, as stated in its opinion, there is a "failure to charge that the lease was a written one."

As well settled by this court an indictment for a purely statutory offence will be sufficient if it follows the language of the statute, and expressly charges the commission of the offense.

The indictment in question does so and can not be properly regarded defective unless the statute itself is so ambiguous or indefinite as to be misleading or uncertain, which is certainly not true of section 791, for that it has reference to, and was intended to, require recorded alone written leases, and not mere verbal leases, is, we think, too plain for discussion. Indeed, a person of common understanding could not fail to know what was intended by the statute.

It was in our opinion error to sustain the demurrer, and the judgment is, therefore, reversed and case remanded for other and further proceedings not inconsistent with this opinion.