## Allen v. Commonwealth.

(Decided June 13, 1911.)

### Appeal from Cumberland Circuit Court.

Indictment—Instructions—Feloniously Stealing Chickens—Necessary Averments—In a prosecution by indictment for stealing chickens it is necessary to allege that the defendant "feloniously took the chickens but it was not necessary to use the word felonious in the instructions, for if the jury believed as the court told them they must believe, they necessarily believed that defendant acted feloniously.

ALLEN SANDIDGE, PORTER & SANDIDGE, and SANDIDGE & SANDIDGE for appellant.

JAS. BREATHITT, Atty. Genl., and CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was indicted by the grand jury of Cumberland County for stealing two chickens that belonged to Bud Coats. The indictment is as follows:

"The grand jury of Cumberland County, in the name and by the authority of the Commonwealth of Kentucky, accuse Bascom Allen of the crime of feloniously

taking, stealing and carrying away chickens of value, committed as follows, viz.: The said Allen on the ———— day of July, 1910, and within twelve months before the finding of this indictment, in the county and Common-wealth aforesaid, did unlawfully, willfully and felonious-ly take, steal and carry away chickens of value, the personal property of Bud Coats, without his consent and with felonious intent to convert same to his own use and to deprive the owner thereof contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky."

Appellant was tried, convicted and his punishment fixed at ninety days in jail, which, together with the cost, is to be satisfied at hard labor.

Appellant claims the lower court erred in instructing the jury. His complaint is confined to the first instruction, which is as follows:

"If the jury believe from the evidence beyond a reasonable doubt that the defendant, Bascom Allen, in this county and within 12 months before finding the indictment, did take, steal and carry away from the possession of Bud Coats two chickens of value, the property of said Coats, with the intent and purpose to convert same to his own use and deprive the owner of the same, they will find him guilty as charged in the indictment and fix his punishment at confinement in the jail not less than 1 month and not more than 12 months."

The complaint is that the court did not require the jury to believe from the evidence, beyond a reasonable doubt, that appellant "feloniously" took the chickens with the purpose of depriving the owner of them and to convert them to his own use, &c. The court did require the jury to believe that appellant did take, steal and carry the chickens away with the intention and purpose of converting them to his own use and thereby depriving the owner of them, which, if true, amounted to a felonious taking. (Brooks v. Commonwealth, 16 Ky. Law Rep., 356.) It was necessary to charge in the indictment that appellant feloniously took the chickens, but it was not necessary to use the word "felonious" in the instruction, for if the jury believed as the court told them they must believe, they necessarily believed that he acted feloniously.

Another ground for reversal is that the verdict is not supported by any evidence. Appellant claims a peremptory instruction in his behalf should have been given. The substance of the evidence for the Commonwealth was that Bud Coats and appellant lived on adjoining lots in the outskirts of Burkesville; that Coats had about seventy-five chickens which were black with white gills and ears; that there were no other chickens like them the neighborhood; that they began to disappear and he concluded they were being stolen, so late one evening he took a position on his bed near the window and had been there but a short time when he saw appellant coming out of a little thicket near his house with a black chicken with white ears and gills, under each arm, which the prosecuting witness said were his, the witness' chickens. Appellant testified that this was not true; that appellant never saw him come out of that thicket with two or any number of chickens under his arms or in any manner; that he bought two chickens near the time stated by the witness from a merchant, or one of his clerks, and carried them home along a road by the thicket, and if the Commonwealth's witness ever saw him carrying chickens under his arms or otherwise it was then. Appellant did not introduce the merchant or clerk from whom he claimed to have purchased the two chickens, or show any reason for not so doing; nor did the Commonwealth.

As the jury convicted appellant they must have believed beyond a reasonable doubt that appellant possessed himself of the two chickens with the intent of depriving Coats of them and of converting them to his own use. The jury had evidence upon which to base the verdict, and we do not feel authorized to disturb the action of the lower court.

For these reasons, the judgment of the lower court is affirmed.