### Gregory v. Commonwealth.

(Decided February 24, 1920.)

## Appeal from McCreary Circuit Court.

1. Indictment and Information—Description—Sufficiency.—The omission of the word, "willful" in the description of an offense, under section 1166, Kentucky Statutes, in the accusative portion of the indictment, and where the crime charged, is "malicious shooting and wounding another, with the intent to kill him," and the descriptive portion of the indictment alleges, that it was "will-

fully and maliciously" done, does not render the indictment insufficient.

2. Indictment and Information—Sufficiency.—Under section 1166, Kentucky Statutes, in an indictment for the crime of willfully and maliciously shooting at and wounding another person, with the intent to kill such other, it is not necessary for the indictment to allege that the shooting was "feloniously" done.

3. Criminal Law—Continuance—Affidavits.—Where a motion for a continuance is based upon the absence of witnesses, in a criminal prosecution, and the attorney for the Commonwealth, agrees, that the affidavit may be read as the deposition of the absent witnesses, and the accused fails to offer to read the affidavit in presenting his evidence to the jury, it is considered, that he has waived the introduction of the evidence of such witnesses. ·

4. Criminal Law—Examination of Witnesses—Appeal and Error.—Where a witness is asked a question, and an objection is sustained to the offered evidence, but, no avowal is made as to what answer the witness, if permitted, would give, it is not a reversible error, as this court can not conjecture what the answer would be.

5. Criminal Law—Trial—Admonition.—It is not an error for the court to fail to admonish a jury as to the purpose for which evidence may be considered, which is introduced to impeach a witness by contradiction, when the complaining party fails to object to the evidence, or to move the court to admonish the jury, in regard to it.

6. Criminal Law—Instructions.—An instruction, which requires the jury to believe more than is necessary to justify a conviction, is not prejudicial to the accused.

JOHN W. SAMPSON and HENRY C. GILLIS for appellant.

CHARLES I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and J. B. SNYDER, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

General Gregory and David Sumner were rivals for the hand of a young lady in their community, and an estrangement grew up between them on that account, although there had been no personal controversy between them. Meeting at the house where the young lady resided, they engaged in a pistol duel, which resulted in the wounding of Sumner three times. Gregory was indicted for the crime denounced in section 1166, Kentucky Statutes, for the willful and malicious shooting at, and wounding another with the intent to kill such other, but not resulting in the death of the wounded individual.

Upon a trial he was found guilty, and his punishment fixed at confinement in the state reformatory for five years. From the judgment, he has appealed, and asserts as grounds for a reversal, of the judgment, the following:

(1) The indictment was insufficient.

(2) The court erred in overruling his motion for a continuance.

(3) Newly discovered evidence.

(4) The court erred to his prejudice in the admission and rejection of testimony.

(5) The court misinstructed the jury as to the law of the case.

(1) The complaint of the insufficiency of the indictment, is unavailing. The defendant did not demur to the indictment, nor make any reference to it in his grounds for a new trial, and in no way called the attention of the trial court to the alleged defect. The ground upon which it is contended, that the indictment is defective, is, that in the accusative part of it, wherein the crime of which it accuses the defendant, is named, the word, "wilful" is omitted, and the crime charged, is denominated "malicious shooting and wounding another, with a pistol, with the intent to kill him." In the descriptive portion of the indictment, however, it is charged that the accused did "unlawfully, willfully and maliciously shoot at and wound Dave Sumner," with a pistol loaded with leaden balls, etc., with intent to kill him, but, from which, Sumner did not die. It is, also, contended, that the indictment should have charged, that the shooting was "feloniously" done. Neither of these alleged defects are sufficient to render the indictment insufficient. The descriptive portion of the indictment fully describes the offense and fully informs the accused of the nature of the accusation. It is a statutory crime, and it is not necessary to commit the act feloniously to commit the crime. Toler v. Com., 94 Ky. 520; Gratz v. Com., 96 Ky. 162; Cundiff v. Com., 86 Ky. 196. These objections in similar cases, have been adjudged adversely to the contentions of appellant.

(2) Appellant's complaint, that he was not granted a continuance, arose in the following way. The trial was not at the term, at which the indictment was found, and he presented an affidavit to support his motion for a continuance, upon the ground of the absence of witnesses.

The attorney, for the Commonwealth, agreed, that in the event, the witnesses could not be procured during the trial, the affidavit could be read as the depositions of the alleged absent witnesses. The record does not show why appellant did not read or offer to read the affidavit, nor any reason why he did not do so. The brief of his counsel says, that the affidavit was lost during the trial, and, for that reason, was not read. The appellant, however, did not ask for an opportunity or right to supply it, nor for a continuance or postponement on account of its loss, and the record fails to show, that he brought it to the attention of the court, in any way. Hence, it must be considered, that he waived it.

(3) The newly discovered evidence is that of two persons, who will testify, that the location of one of the witnesses for the Commonwealth, was such, that she could not have seen the things, about which she testified. The witness, however, deposed substantially to the same facts, that the other four witnesses, who were present at the affray, testified, as having occurred. The proposed new evidence would only have a tendency to impeach the evidence of the witness whom, they say, could not have seen the things she testified about, and in the light of the testimony of the other witnesses, the new evidence could not have a decisive or preponderating influence upon the result of a trial. Under these circumstances, it is uniformly held, that a new trial will not be granted for such reasons.

(4) The complaints, as to the rulings of the court, upon the admission and rejection of evidence, are without merit. The attorney, for the Commonwealth, made certain irrelevant inquiries of witnesses upon cross-examination, but developed nothing prejudicial. A witness for appellant was not permitted to answer an inquiry made of him as to having heard the injured man, before the shooting, make a threat against the accused, and which he communicated to the accused. Such evidence would have been competent and its exclusion, prejudicial, but no avowal was made, that the witness would have made any statement, if permitted to answer, and we have no way of ascertaining, whether he would have given any useful evidence, or not. After the introduction of the evidence for the appellant, he was recalled, and asked concerning an alleged admission made by him,

touching the shooting and wounding, which he denied having made. A witness was then offered and testified, that the accused made such admission in his presence, and it is now complained, that the court, did not admonish the jury, as to the purpose for which it could consider, the evidence given by the latter witness. The appellant did not object to the testimony nor request the court to instruct the jury concerning it, and can not now be heard to complain of it.

(5) Appellant insists, that the court failed to properly instruct the jury touching the law of self-defense, applicable to the facts of the case. The instruction given upon the law of self-defense and which directed the jury to return a verdict of not guilty, if the facts demonstrated, that the accused did the shooting under circumstances, which brought him, within the requirements of the law upon that subject, was clear, and explicit and fully gave to the accused every right, which he had upon that subject. It is objected, however, that the instructions under which the jury was permitted to find the accused guilty, required the belief upon its part of certain facts, which were unnecessary to his conviction. It is not possible to discern, how, this could have been prejudicial to him. The instructions complained of, are somewhat involved, and a better practice, under such a state of facts as here presented, would be for the court to follow the instructions prescribed by this court, in Com. v. Taylor, 172 Ky. 141. In this case, however, it is doubtful if the testimony of the accused, presents any fact, which would make necessary, the giving of an instruction upon the law of self-defense.

There appearing nothing prejudicial to the substantial rights of the accused, the judgment is affirmed.