## Bates v. Commonwealth.

(Decided November 16, 1928.)

### Appeal from Letcher Circuit Court.

1. Indictment and Information.—Indictment for maliciously stabbing another with intent to kill, under Ky. Stats., sec. 1166, need not allege that act charged was done feloniously.

2. Criminal Law.—Sufficiency of grounds for continuance could not be determined on appeal, where affidavit to support motion was not in record, and only testimony read from affidavit was of impeaching character.

3. Criminal Law.—Where testimony of only one witness was read from affidavit for continuance, and affidavit was not in record, reviewing court must assume that there was only one witness whose absence was shown by the affidavit.

4. Homicide.—In prosecution, under Ky. Stats., sec. 1166, for maliciously stabbing another with intent to kill, rejection of evidence that defendant was short of time, offered to show reason or excuse for his going to mining camp, where the difficulty occurred, held not error.

5. Criminal Law.—Newly discovered evidence to the effect that one of opponent's witnesses had made statement contradictory to his testimony at trial held not to warrant new trial, since evidence merely impeached or discredited witness, and did not affect substantial merits.

JOE HALL and JOHN D. W. COLLINS for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

The appellant, Sam Bates; the prosecuting witness, L. O. Jobe, and one Geeter English met at the mining camp of the Cameo Mining Company, in Letcher county, on a Saturday afternoon, where a difficulty arose between them. Bates fired two shots during the difficulty. Jobe and English claim that these shots were fired at them, while Bates claimd he fired at a "chunk" lying on the ground between them. In the ensuing scuffle, Jobe knocked the pistol from Bates' hand, and English grabbed Bates, and Jobe secured the pistol and fired a shot at Bates. Thereupon Jobe entered a small room and proceeded to use the telephone, and the testimony for the commonwealth goes to show that Bates then entered that room and stabbed Jobe in the back, inflicting upon him serious wounds. Bates claims that he heard Jobe telephone some one to come and arrest him, and that he approached the door and asked Jobe why he wanted to have him arrested, whereupon he says Jobe struck him, and that he then cut Jobe.

The indictment was returned January 18, 1928. The case was called on January 19, 1928, and then set for trial January 27, 1928, and was tried on that day, resulting in a verdict finding Bates guilty, and fixing his punishment at confinement in the state penitentiary for a term of two years. Seeking a reversal of the judgment pronounced against him on that verdict, appellant urges that the indictment is defective, in that it does not charge that the act was done feloniously; that his motion for a continuance should have been sustained; that the court erred in rejecting certain evidence offered by him; that the court erred in failing to define technical terms used in the instructions; and that, since the trial, he had discovered new and material evidence in his behalf.

1.   The indictment in this case was brought under section 1166 of the statutes, and it is not necessary, in an indictment under that section, to allege that the act charged was done feloniously. Gregory v. Commonwealth, 187 Ky. 188, 218 S. W. 999; Cundiff v. Commonwealth, 86 Ky. 196, 5 S. W. 486, 9 Ky. Law Rep. 537.

2.   We are unable to determine the sufficiency of the grounds for a continuance relied on, because the affidavit in support of that motion is not in the record. The record shows that an affidavit was filed in support of the motion for a continuance; that the attorney for the commonwealth agreed that the affidavit might be read as the evidence of the absent witness, subject to competency and relevancy; but, because it is not before us, we cannot say whether it meets the requirements of such an affidavit, in showing what steps had been taken to procure the attendance of the witness, whether he was within the jurisdiction of the court, and whether the testimony of the absent witness would in affiant's belief be true; nor can we say whether the court erred in excluding any part of the affidavit not read to the jury. The only witness whose testimony was read therefrom is Floyd Fields, and we must assume from the record before us that Fields was the only witness whose absence was shown by the affidavit, and the testimony of this witness so read to the jury only goes to the extent of impeaching the character of the prosecuting witness, Jobe, for peace and quietude.

3.   On his cross-examination, appellant's attorney asked the prosecuting witness, Jobe, this question:

"Q.   You know that he was short of time when he came up there that day?"

And on direct examination his counsel asked the witness Creed Wampler this question:

"Q.   What did he (Bates) say to you, if anything, about going to see Mr. Jobe?"

And on direct examination of his witness Ernest Faulkner appellant's attorney asked this question:

"Q.   Just before that, Mr. Faulkner, I will ask you if Sam Bates made any complaint to you about his time being short?"

To each of these questions the court sustained the objection of the commonwealth, and this is the rejected evidence of which appellant complains. However, the witness Faulkner answered in the affirmative the quoted question propounded to him, notwithstanding the court's ruling sustaining the objection to it.

It is apparent, from these questions and the answer made by the witness Faulkner to the question propounded to him, that appellant desired to show a reason or excuse for his going to the place where the difficulty occurred. If this be so, and we can see no other purpose for it, that would offer no excuse for the subsequent difficulty, or any defense against the charge in the indictment. Oder v. Commonwealth, 80 Ky. 38.

Besides, section 340 of the Criminal Code allows this court to reverse a judgment of conviction only for errors of law which, upon consideration of the whole case, convince the court that the substantial rights of the defendant have been prejudiced thereby.

4. No error was committed by the court in the failure claimed by appellant in his brief to define technical terms in the instructions. There are no technical terms in the instructions.

5. The newly discovered evidence upon which appellant relies is unavailing. This evidence, as shown in the affidavit, is merely contradictory of the witness Geeter English, and is to the effect that appellant could show by B. H. Garrett that Geeter English stated, in the presence of Garrett, Dr. Back, Eliza Bates, and Floyd Bates, "that Sam Bates, before the cutting and wounding L. O. Jobe, struck me with a pistol over the head, and the pistol flew out of his hand and L. O. Jobe immediately grabbed the pistol and struck defendant Sam Bates over the head with it."

On the cross-examination of Geeter English, appellant's counsel asked him concerning that very proposition, and English stated that it did not happen. This newly discovered evidence is not of a substantive character, and is not such as to entitle appellant to a new trial. In the case of May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074, we said:

"A new trial will not be granted on account of newly discovered evidence which merely tends to

impeach or discredit an opposing witness, or is only cumulative.''

Finding no error in the proceedings, the judgment is affirmed.