## Commonwealth v. Black.

(Decided October 1, 1929.)

678

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellant.

M. J. HENNESSEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Certifying the law.

This is an appeal from the judgment of the Bracken circuit court sustaining a demurrer to an indictment charging the appellee with the offense of operating a motor car on a public highway while intoxicated. The appeal is for the purpose of having the law certified. The indictment is in this language:

"The Grand Jury of the County of Bracken in the name and by the authority of the Commonwealth of Kentucky, accuse Willie Black of the offense of unlawfully operating a motor vehicle upon a public highway while in an intoxicated condition committed in manner and form as follows, to-wit:

"The said Willie Black in the said County of Bracken, on the ——— day of———, 192—, and within twelve months before the finding of this indictment, did unlawfully operate a motor vehicle upon a public highway while drunk and in an intoxicated condition. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

The offense for which appellant was indicted is denounced and defined by the provisions of section 2739g-34a, Ky. Stats. Supp. 1928. The language of the indictment follows the language of the statute.

The general rule is that an indictment for a statutory offense is sufficient if it follows the language of the statute. Cundiff v. Commonwealth, 86 Ky. 196, 5 S. W.

486, 9 Ky. Law Rep. 537; Commonwealth v. C. & O. Ry. Co., 101 Ky. 159, 40 S. W. 250, 19 Ky. Law Rep. 329; Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043, 1045. It was held, however, in the case last cited that an indictment in the words of the statute is not always sufficient. Whether sufficient or not depends upon the manner of stating the offense in the statute.

"If every fact," said the court, "necessary to constitute the offense is charged or necessarily implied by following the language of the Statute, an indictment in the words of the Statute is sufficient; otherwise, it is not."

The rule thus stated in that opinion is simple. If every fact necessary to constitute the offense is found in the statute, it is only necessary that the indictment follow the language of the statute, but, if it is necessary to go outside the statute to determine whether an offense has been committed, then the indictment is insufficient if it goes no further than to follow the language of the statute. The statute under consideration states every fact necessary to constitute the offense charged. Consequently an indictment in the language of the statute is sufficient. The demurrer to the indictment should have been overruled.

But it is insisted by appellee that the indictment is not in conformity with sections 122 and 124 of the Criminal Code. Section 122 requires a statement of the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended and with such degree of certainty as to enable the court to pronounce on conviction according to the right of the case. The act constituting the offense as alleged in the indictment was that of driving a motor vehicle on a public highway while intoxicated.

The language is ordinary and concise, and any person of common understanding must know the meaning of the language. The certainty of the language is such as to enable the court to enter a judgment on the verdict of a jury finding appellant guilty of driving a motor vehicle on a public highway while intoxicated. The indictment measures up to the requirements of section 122 of the Criminal Code. Section 124 requires certainty in the language of an indictment as it relates to the party charged, the offense charged, the county in which the offense was committed, and the particular circumstances

of the offense charged if they be necessary to constitute a complete offense. The particular circumstances were not necessary to constitute the complete offense of driving a motor vehicle on a public highway while intoxicated. The indictment is sufficient under the provisions of section 124 of the Criminal Code.

But appellee contends that he could not prepare a defense, as there are many public highways in Bracken county, and that he should be advised as to the particular road and place where he is charged with having driven a motor vehicle while intoxicated. That does not necessarily mean that the indictment is bad. It probably means that he would be entitled to a bill of particulars if he should ask for it. Roberson on Criminal Law (2d Ed.) sec. 1770.

The law is accordingly certified.