## Biggs v. Commonwealth.

(Decided Oct. 11, 1932.)

THOMAS D. THEOBALD, Jr., for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Cam Biggs has appealed from a judgment of the Carter circuit court convicting and sentencing him to the penitentiary, for a term of four years for the crime of grand larceny.

In the accusatory portion of the indictment the crime is named. The descriptive part is in this language:

"The said defendants, in the County of Carter on the 11th day of April, 1932, and before the finding of this indictment, did unlawfully, willfully take, steal and carry away property Cattle five or six the exact number or kind unknown to the Grand Jury but of the value of more than $20.00 without

the knowledge or consent of S. B. Stamper, the owner, and against his will and for the purpose of permanently depriving the owner of his said property, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky.''

He demurred to the indictment. The court overruled it. He reserved proper exceptions.

It will be noted that it is not charged in the indictment that the crime was ''feloniously'' committed. Biggs insists this renders the indictment fatally defective, and the court erred to his prejudice in overruling the demurrer.

The commonwealth argues that the language in the indictment is sufficient to fullfil the requirements of section 124, Criminal Code of Practice, and the absence of the technical word ''felonious'' or ''feloniously'' is an error in form only. Adhering to our former rulings reported in Kaelin v. Com., 84 Ky. 354, 357, 1 S. W. 594, 8 Ky. Law Rep. 293; Hall v. Com., 26 S. W. 8, 15 Ky. Law Rep. 856; Howerton v. Com., 129 Ky. 482, 112 S. W. 606, 33 Ky. Law Rep. 1008; Allen v. Com., 144 Ky. 222, 137 S. W. 1060; Hoskins v. Com., 145 Ky. 580, 140 S. W. 1040; Head v. Com., 211 Ky. 41, 276 S. W. 1061, we are constrained to hold that the argument of the commonwealth is untenable, and that the word ''felonious'' or ''feloniously'' in an indictment charging the accused with the commission of the common-law offense of grand larceny is not only required, but indispensable. Without it, such an indictment charges the accused, under section 124, with a misdemeanor, the punishment for which is not confinement in the penitentiary.

Other questions are presented in briefs, but, inasmuch as the action of a grand jury will be necessary before Biggs can be tried for the crime of grand larceny, and on another trial these questions may not arise, therefore we do not now deem it necessary or proper to consider or express an opinion touching them.

Judgment reversed for proceedings consistent herewith.