# Mullins et al. v. Commonwealth.

Jan. 28, 1941.

C. R. Luker for appellants.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Mrs. W. L. Taylor parked her automobile, unlocked, on a street in Corbin, went into a nearby grocery about 7 o'clock one night in January, 1940. O. A. Miles, a constable, on the other side of the street had his attention attracted by the racing of the motor and the quick

starting of her machine. Likewise, a private citizen, Chet Harp. Believing the occupants of the car might be drinking the officer went across the street and as he approached the car two men ran from it. One went under a nearby truck. With Harp's assistance the officer arrested them. They refused to give their names and offered no excuse or reason for their conduct. The car had been moved a few feet. The two men, Gus Mullins and Ira Smith, were convicted of violating Section 2739g-58 of the Statutes, and each sentenced to imprisonment for one year.

The defendants lived in London and had gone that afternoon to Corbin in the taxicab of Tolman Gregory, though it appears it was not as paying passengers. They testified that he told them where he would park his car, which was near the place Mrs. Taylor's car was. They arranged to meet at the "Flaming Inn" for the return trip. They did not claim they were to get the taxi and take it to the inn; but Gregory let them drive it sometimes. They had mistaken Mrs. Taylor's car for Gregory's and did not learn of their error until the accelerator stuck. When the officer approached with a pistol in his hand they got out and ran and kept silent because they had been drinking and one of them had some "rubbing alcohol." While the taxicab and Mrs. Taylor's car were of the same make and about the same color, one bore a Laurel county license plate and the other a Whitley county. The taxi usually conspicuously displayed a card showing it to be such. The defendants' actions fully justified the conclusion that they purposed not only to drive and operate Mrs. Taylor's car without her consent but intended to steal it, and would have gotten away with it but for the diligence of the officer. The car was moved only a few feet and it is argued that this was not operating or driving it within the meaning of the statute. The language is "take, drive or operate." The defendants did take the car into their possession. Section 2739g-1 of the Statutes defines "operator" as "the person in actual physical control of the guidance, starting and stopping of a vehicle." They meet that description. The statute makes no distinction between driving a car two feet and two miles. While the evidence does not indicate which of the defendants actually started the car, they were together and their conduct indicated joint guilt. Moreover, the case was

submitted under a correlative aiding and abetting instruction. The defendant Smith has been previously convicted of a felony. There is, therefore, no merit in the argument that the verdict is not sustained by the evidence.

Section 2739g-58, is as follows:

"Any person who shall unlawfully take, drive or operate a vehicle without the knowledge and consent of the owner shall be guilty of the offense of grand larceny and punished as provided by law in such cases."

The indictment follows the language of the statute and does not charge that the act of the defendants was done feloniously. Appellant submits that the indictment was demurrable on that account, relying principally on Allen v. Commonwealth, 144 Ky. 222, 137 S. W. 1060, in which it is held necessary to charge that the taking of chickens was felonious under Section 1201c of the Statutes.

It is a rule of general application that an indictment is sufficient which charges an offense denounced and defined by statute if it is as fully descriptive, literally or substantially, as the language of the statute. The defendant is thereby fully informed of the particular offense charged and the court is enabled to see therefrom on what statute the charge is founded. Even where no attempt is made to use the statutory language, but the specific facts constituting the offense are pleaded, every essential fact and circumstance and every ingredient of the crime being charged, the indictment is sufficient. Commonwealth v. Allen, 191 Ky. 624, 231 S. W. 41, 16 A. L. R. 484. Hence, in charging a statutory offense it is not necessary to allege criminal intent or criminal knowledge where the statute does not make them essential ingredients; nor is it necessary to use "feloniously" or like technical words which are commonly regarded as indispensable at common law where the statute does not include such words or elements in the description of the offense. Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430; Bates v. Commonwealth, 226 Ky. 318, 10 S. W. (2d) 1099; Robertson v. Commonwealth, 269 Ky. 317, 107 S. W. (2d) 292. An indictment following the language of Section 2739g-34 of the Statutes which merely declares it to be an offense

to operate a motor car on a public highway while in an intoxicated condition is sufficient without further description, for it is not necessary to look elsewhere for some missing element of that offense. Commonwealth v. Black, 230 Ky. 677, 20 S. W. (2d) 741. That statute is unlike Section 1201c, relating to chicken stealing, and Section 1196, relating to stealing a hog of a value of $4 or over, which merely raise the offenses from petit larceny, a misdemeanor, to grand larceny, a felony. All they do is to lower the value of the property necessary to convert the offense, simply saying that whoever shall "steal" it shall be guilty of the higher one. Neither statute describes the offense fully. They but modify the crime of grand larceny, and do not dispense with the common-law requirement of an indictment for grand larceny that the act must be charged to have been done feloniously. Allen v. Commonwealth, supra; Biggs v. Commonwealth, 245 Ky. 250, 53 S. W. (2d) 535; Slusher v. Commonwealth, 267 Ky. 140, 101 S. W. (2d) 663.

Except for this statute (Section 2739g-58) the taking of an automobile without an intention to steal it is but a trespass. Its immediate predecessor (Section 2739-35 of the 1915 edition) was like it except that the former statute stated the punishment to be inflicted for its violation and this one does not. In Singleton v. Commonwealth, 164 Ky. 243, 175 S. W. 372, the former statute was held to be complete in and of itself, the use of the term "grand larceny" therein being regarded as surplusage. In Clark v. Commonwealth, 209 Ky. 184, 272 S. W. 430, 432, we held Section 2739g-58 not to offend Section 51 of the Constitution in not having republished and re-enacted the grand larceny statute. True, the matter of the sufficiency of the indictment was not involved in that case. However, if the statute be regarded as incomplete in and of itself, insofar as charging the offense is concerned, the modification is such as to make it unnecessary to charge that the offense was done feloniously. The modification takes out that essential element of grand larceny, namely, the fraudulent and wrongful taking of another person's property with the intent of converting it to the taker's use and to deprive the owner of his property permanently. That is the animus furandi or felonious intent in a charge of grand larceny, and if there was a bona fide intention to return the property or to pay for it, that element is

lacking. Richards v. Commonwealth, 195 Ky. 333, 242 S. W. 591. A felonious taking means a taking proceeding from an evil heart or purpose. Atkins v. Commonwealth, 224 Ky. 126, 5 S. W. (2d) 889. It is covered by the word "steal." Stewart v. Commonwealth, 191 Ky. 538, 230 S. W. 950. That specific intention is the one element of grand larceny not required to be established under Section 2739g-58 of the Statutes, for it is only necessary that the taking or operation of the car be without the owner's consent or permissive knowledge. Therefore, the use of the term "felonious" in an indictment under the statute would be surplusage, and that is, of course, not required.

The defendants asked a continuance of their trial because of the absence of Tolman Gregory, a material witness in their behalf. He lived in Laurel county and a subpoena had been seasonably issued for him but returned "not found." The affidavit filed for the continuance states that he was then serving on a jury in Leslie county. It relates what he would testify if present, which testimony is in substance corroborative of the evidence of defendants, except that it does not indicate that the defendants or either of them had Gregory's general permission to bring his automobile to the place where they had arranged to meet to return to London. In a few extraordinary cases where the evidence of guilt was close, we have reversed judgments of conviction because of the failure of the trial court to continue the cases and enable the defendants to procure the presence of witnesses. It seemed in each case that the testimony of the absent witness was so material and important that it might have changed the verdict. We do not regard this as such a case and cannot hold that the trial court abused his discretion in overruling the motion for a continuance.

Other complaints of the trial are too unsubstantial to merit discussion.

Judgment affirmed.