# Bays v. Commonwealth.

Jan. 16, 1942.

C. F. See, Jr., for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Dixie Bays, was convicted and sentenced to the penitentiary for a violation of Section 1220 of the Kentucky Statutes making it a felony for a woman to conceal the birth of a bastard child so that it may not be known whether the child was born alive. On this appeal, among other grounds urged for reversal, it is contended that the trial court should have directed a verdict of not guilty. Since we have determined that this contention must be sustained, we refrain from discussing other questions raised.

The appellant lived in a room rented from Mrs. Della Neace, who testified for the Commonwealth. On the morning the baby was born the appellant notified Mrs. Neace that she was in labor and requested her to call a doctor. This Mrs. Neace attempted to do but several doctors she visited refused to attend. When Mrs. Neace returned home appellant notified her that the baby had been born but that it lived a short while and died.

The baby's body was then in a box at the side of appellant's bed and appellant requested Mrs. Neace to examine it and see if she thought it had a chance to live. This Mrs. Neace refused to do. Mrs. Neace's daughter was then sent for another doctor but this doctor also refused to attend. Later in the day Maude Bowman, an acquaintance of appellant who testified for the Commonwealth, visited appellant and was informed by her that the baby lived ten or fifteen minutes. The baby's body was still in the box under the bed. This witness returned the next day to visit appellant and the body was still in the box under the bed. As an odor had begun to emanate from the dead baby Mrs. Bowman put it in the cellar. Mrs. Bowman was requested by appellant to notify Troy Wheeler, who had been keeping company with appellant, to come to see her to do something about the baby and she delivered this message to Wheeler. Officers later searched to find the dead baby but it was never located and was evidently destroyed or secretly buried. Another acquaintance of appellant, a Mrs. Martin, visited appellant on the day the child was born and also knew about the birth.

The gravamen of the crime denounced by Section 1220 is concealment of birth. An examination of the testimony, the substance of which has been recited above, renders it apparent that there was no violation of the statute under which appellant was convicted. There was no effort on appellant's part to conceal the birth of the child or to conceal the fact that the child was born alive. On the contrary Mrs. Neace and her daughter and Mrs. Bowman and Mrs. Martin knew about the birth of the child and to both Mrs. Neace and Mrs. Bowman appellant made known the fact that it was born alive. Again, the fact that appellant made every effort to have a doctor attend her both before and after the birth of the child negatives any intention on her part of concealing its birth. It may be that the evidence was sufficient to show that appellant was guilty of a violation of some of the sections of Article 7 of Chapter 63 of the Kentucky Statutes dealing with the disposition of dead bodies but it was insufficient to sustain her conviction of a violation of the statute with which she was charged.

We may add that there was a total failure of evidence to establish that the baby born to appellant was a bastard. Appellant did not testify and there was no evi-

dence as to whether she was married or unmarried or as to whether the child was legitimate or illegitimate. It was at least incumbent on the prosecution to make a prima facie case on this point. This it wholly failed to do.

Judgment reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.