## Lunce v. Commonwealth.

March 3, 1942.

W. L. Hammond for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Mart Lunce appeals from a judgment of conviction of the crime of grand larceny by having unlawfully taken, driven or operated an automobile without the knowledge and consent of the owner. Section 2739g-58, Statutes.

W. H. Collett, the owner, left a "pick-up" truck near the "Park Club" where there were a number of people and other cars while he went into a nearby pasture to milk his cows about half past seven one evening in September, 1941. As he was returning he saw the appellant and Ed Leisure riding away in his truck in the direction of Pineville. Leisure was driving. This was near Middlesboro in Bell County. Collett chased his car in another automobile but his way was blocked and he did not overtake it. The Pineville police notified the officers of nearby cities of the taking of the truck and two Corbin policemen stopped it in that city and arrested Lunce and Leisure. The men gave wrong names and said they lived in East Bernstadt, which was not true. Neither officer testified as to which man was driving when they stopped the truck. The officers testified that while taking the prisoners to Pineville "they" told them they had bought the truck from a used car lot in Knoxville where they had been to get some furniture. It appears from the cross-examination that Leisure had done most of the talking. Both men had been drinking. At Pineville "they" told the officers they had borrowed the truck from two men at the foot of Log Mountain to get a load of liquor from Rockcastle County.

Lunce was tried separately from Leisure. Neither testified. Garnett Horn, of Pineville, related that Lunce had gone with her that morning to London and they had been to Mabel Cox's farm in Laurel County during the day. While they were returning to Pineville that night, about eight o'clock, they "had a flat at Flat Lick."

They stopped to fix it at Tinsley's garage and the truck involved in the prosecution, driven by Ed Leisure, stopped there. Nobody was at the garage at the time. Lunce got out of the woman's car and got into the truck. He was drunk. Mabel Cox's evidence is the same.

Disregarding, as the jury did, the testimony of the two women that Lunce became a passenger in the truck at Flat Lick, we have evidence that, although Leisure had done the actual driving and operating of the car, Lunce was with him when it was taken under circumstances sufficient to establish knowledge that it was not Leisure's truck. This, coupled with the defendant's subsequent conduct and false statements, constitute sufficient evidence to support the verdict. It was not necessary that Lunce must have done the actual driving of the car. There was concert of action and joint guilt proved by the Commonwealth. Means v. Commonwealth, 197 Ky. 401, 247 S. W. 12; Mullins v. Commonwealth, 285 Ky. 282, 147 S. W. (2d) 704, 705.

The instruction predicated conviction upon the belief by the jury beyond a reasonable doubt that the defendant did "unlawfully, wilfully and feloniously operate and drive" the described truck without Collett's consent. It omits the necessary elements that the crime must have been committed in Bell County and before the finding of the indictment. "Where the evidence is such as to create doubt as to the county in which the offense was committed, the question should be submitted to the jury." Stanley on Instructions to Juries, Section 775. The instruction did not submit the act of taking the car but authorized the conviction only upon its operation and driving. It was to this extent too favorable for the defendant. But the limitation permitted the jury to convict the defendant upon the evidence which he introduced in his behalf. If the jury believed the testimony of the two women that Lunce got in the car at Flat Lick, which is in Knox County, and that of the Corbin officers that he was with Leisure in that city, which is located in both Knox and Whitley Counties, they were authorized to convict the defendant even though he had got in the car without guilty knowledge of the taking and operating by Leisure. If all the evidence had been that what did take place was in Bell County, the omission could not be regarded as prejudicial. But since it did not, and it was possible for the jury to have convicted the defendant for

what occurred in some other county than Bell, the judgment must be reversed. It is necessary in every prosecution for crime that the venue be proved and that the jury find the offense to have been committed in the county as charged in the indictment. Sections 1145, 1146, Statutes.

Upon another trial, if the evidence is the same, the instruction should incorporate the theory that Lunce aided and abetted or conspired with Leisure to commit the offense, including the taking of the machine. An approved instruction on aiding and abetting this offense is given in Means v. Commonwealth, supra, and Stanley on Instructions, Section 819, although the penalty is erroneously stated to be as "not less than two nor more than five years." The correct penalty is that prescribed for grand larceny, which is not less than one nor more than five years. Section 1194, Statutes.

Judgment reversed.