## Perry v. Commonwealth.

Oct. 1, 1943.

318

C. A. Noble for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Levada Perry, has been sentenced to one year imprisonment for violating KRS 436.030, which reads as follows:

> "Any woman who is delivered of any issue of her body, which, if born alive, would be a bastard, and who endeavors privately by drowning or secretly burying the child or in any other way, directly or indirectly, to conceal the birth of the child, so that it may not be known whether the child was born alive or not, shall be confined in the penitentiary for not less than one nor more than five years."

The evidence introduced by the Commonwealth clearly established that the defendant, early one morning, gave birth to a bastard in an outside toilet when alone, and then and there placed it in the vault, thereby secretly and effectually concealing it. When the body was recovered later in the day it could not be told whether or not the child had been born alive. The defendant testified that she remembered going into the kitchen of the home in which she lived about two o'clock that morning and did not remember anything that occurred after that until she recovered consciousness in a hospital the following day. The Commonwealth's evidence tended to show full and complete knowledge and consciousness.

The grounds offered for a reversal of the judgment are that the indictment is defective and the instructions erroneous.

The accusatory part of the indictment charges the defendant with the "crime of feloniously and unlawfully

concealing the birth of a child," etc., but the descriptive portion does not use the term "feloniously and unlawfully." The appellant invokes the rule formerly strictly applied that both the accusatory and descriptive parts of an indictment must be complete. The prevailing test of an indictment is whether taken as a whole (Maggard v. Commonwealth, 287 Ky. 787, 155 S. W. (2d) 228) it is sufficiently direct and certain as regards the court, the party and the offense charged, the county in which it is alleged to have been committed, and the particular circumstances thereof so as to enable a person of common understanding to know what is intended and the court to pronounce judgment on conviction. These are the essential requirements of Sections 122, 124 and 136 of the Criminal Code. The use of the words "feloniously and unlawfully" in this indictment was unnecessary for such conditions are not contained in the statute creating the crime. The gist of the offense is the concealment of the birth of the child by the mother so that it cannot be determined whether the child was born dead or alive. It is not material on the question of guilt whether it was born living. It must be shown that the child was a bastard and its body concealed and dead when found. The criminal intent is implicit in the act. Roberson's Kentucky Criminal Law, Sections 1051, 1052; Bays v. Commonwealth, 289 Ky. 116, 158 S. W. (2d) 158. So if the indictment charges those essential facts in the language of the statute, or having the same meaning, made concrete, it is sufficient. Reasons for this are given in Mullins v. Commonwealth, 285 Ky. 282, 147 S. W. (2d) 704, 707, with this conclusion:

> "In charging a statutory offense it is not necessary to allege criminal intent or criminal knowledge where the statute does not make them essential ingredients; nor is it necessary to use 'feloniously' or like technical words which are commonly regarded as indispensable at common law where the statute does not include such words or elements in the description of the offense."

The complaint as to the instructions made in the brief is that the court failed to define the words "unlawfully, knowingly and feloniously" which he had used in the instructions. The instruction in the bill of exceptions does not contain any of those words. It was not necessary that it should have done so. The instruction followed the language of the indictment (except the surplus

words "feloniously and unlawfully") and of the statute made concrete as to the facts shown by the evidence. That was sufficient. A second instruction appropriately submitted the defense that if the defendant was at the time unconscious and unaware of what she was doing and had no knowledge of it, then she should be found not guilty on the ground of lack of intention to do the act. The instruction submitting the question of guilt properly omitted the condition of feloniousness and unlawfulness, as we have pointed out in referring to the indictment, since the statute does not require it. It is quite elementary that if the indictment is sufficient, instructions are correct if they substantially follow it and the statute upon which it is based and the evidence introduced in support of it. Stanley on Instructions to Juries, Sections 767, 768.

The appellant refers to Commonwealth v. Hopkins, 5 S. W. 392, 9 Ky. Law Rep. 432, in which the facts are strikingly similar. In certifying the law in that case, which had resulted in an acquittal, the court declared the instruction which had been given to be erroneous as too liberal for the defendant. An instruction which had been offered by the Commonwealth and containing the word "feloniously" in connection with the concealment of the birth of a child was stated to be substantially in accordance with the statute, with a certain exception having no reference to the use of the word. We do not think the opinion an authoritative precedent for holding that the term "feloniously" must be used in an instruction in such a case.

The judgment is affirmed.