Willie HENSLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1954.

A. E. Cornett, Hyden, for appellant.

J. D. Buckman Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

Appellant, Willie Hensley, was indicted, tried, and convicted in Leslie Circuit Court for the crime of rape, or carnally knowing a female, 16 years of age, not his wife, against her will or consent, an offense de-nounced by KRS 435.090. The punishment inflicted by the jury was confinement in the penitentiary for a period of 10 years. From the judgment pronounced upon the verdict, he has appealed, and urges reversal for the following reasons:

(1) "Instruction 1" given by the court was erroneous.

(2) The court erred in failing to instruct on the whole law of the case.

The complained of instruction appears in the record in this language:

"If the jury believe from the evidence in this case beyond a reasonable doubt that Willie Hensley, in Leslie County, Kentucky, and before the finding of the indictment herein, did unlawfully and feloniously have carnal knowledge of Bulah Brown, an infant female over twelve years of age, against her will or consent or by force, then the jury will find the defendant guilty as charged in the indictment and fix his punishment at death, or confinement in the Penitentiary for life without privilege of parole, or by confinement in the Penitentiary for life, or by confinement in the penitentiary for not less than ten years or more than twenty years, in your reasonable discretion."

It is claimed the court erroneously included in Instruction 1 the penalty set forth in KRS 435.080(1), which reads: "Any person who attempts to commit rape upon a child under twelve years of age shall be confined in the penitentiary for not less than five nor more than twenty years", with the penalty his counsel asserts is prescribed in KRS 435.090 and which counsel sets forth in his brief in these words: "Any person who unlawfully carnally knows a female of and above twelve years of age against her will or consent, or by force or while she is insensible, shall be punished by confinement in the penitentiary for not less than ten nor more than twenty years, or by death." He maintains the instruction should have told the jury to inflict only the punishment last quoted.

If appellant's counsel had correctly quoted the statute involved in this appeal we would agree with his contention, but he has resurrected and is relying upon KRS 435.-090 as it was written up to the year 1944. During the year just mentioned, this statute was amended by the General Assembly (see Acts of 1944, c. 143) and presently reads:

"Any person who unlawfully carnally knows a female of and above twelve years of age against her will or consent, or by force or while she is insensible, shall be punished by death, or by confinement in the penitentiary for life without privilege of parole, or .by confinement in the penitentiary for life, or by confinement in the penitentiary for not less than ten years nor more than twenty years."

Through inadvertence appellant's counsel overlooked KRS 435.090 as amended in 1944. It is obvious Instruction 1 follows the phraseology of the indictment and also that of the statute which was in effect at the time of the alleged commission of the crime. It is quite elementary that if the indictment is sufficient in a criminal action, the instructions are correct if they substantially follow it and the statute upon which it is based, provided, of course, the evidence introduced supports the particular indictment. See Perry v. Commonwealth, 295 Ky. 317, 174 S.W.2d 422. No attack is made upon the indictment, nor is it argued that it is not sustained by the evidence. For the foregoing reasons we conclude there is no merit to appellant's first assignment of error.

A second ground insisted upon for reversal is that the evidence warranted an instruction under KRS 435.100(1) (c), which provides a lesser penalty for carnally knowing a female of the age of sixteen, but less than eighteen years of age, with her consent. Our answer to this contention is that we find nothing in the evidence from which it can be inferred that the prosecutrix consented to the advances of appellant. On direct examination she testified she was unwilling to have intercourse with appellant, stating: "I hollered for help * * * I didn't want him to." On cross-examination she stated. "I .hollered for help, and tried to pull loose from him and couldn't." Appellant's counsel was unable to break her story of the sordid occurrence during a lengthy cross-examination. Then, too, after the incident she immediately went back to her grandmother's home where she was visiting and promptly told her what had happened to her. On the other hand, appellant flatly denied any act of intercourse with the girl. Inasmuch as the evidence clearly shows that appellant forced the girl to submit to him and that her conduct never indicated any degree of consent we conclude he was not entitled to an instruction under KRS 435.100(1) (c).

In our opinion appellant has had a fair and impartial trial and we fail to find any error in the record that could be considered as prejudicial to his substantial rights.

Wherefore, the judgment is affirmed.