## Hobbs v. Commonwealth.

(Decided January 16, 1914.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Evidence—Deposition—Admission.—Where a party whose deposition has been taken gives testimony inconsistent with his deposition, and on being cross examined denies making certain answers contained in his deposition, it is error to reject the deposition and to refuse to permit to be read to the jury the answers about which he was cross examined, as such evidence is competent for the purpose of contradicting the witness.

2. Criminal Law—Larceny—Asportation.—Where one steals a mule in another state and brings it into this state, such act constitutes a fresh asportation, and he may be convicted in this state for the offense of larceny.

3. Criminal Law—Larceny—Defense of Intoxication.—Where the evidence shows that a person charged with stealing a mule was intoxicated at the time, but fails to show that he was intoxicated the next day, when he brought the mule into this state and attempted to sell him, it was not error to refuse an instruction based on the theory that the defendant was too drunk to have a felonious intent.

4. Criminal Law—Pendency of Two Indictments—Jeopardy.—The pendency of two indictments for the same offense and the trial of the defendant on one of them does not place the defendant in jeopardy twice for the same offense.

5. Criminal Law—Instructions.—Where a defendant is charged with stealing a mule, and defends on the ground that he had authority from one claiming to be the owner of the mule to take the mule away and sell it, and that he in good faith believed that the mule was the property of such person, it is proper to give an instruction covering this phase of the case.

J. S. CLINE for appellant.

JAMES GARNETT, Attorney General, and CHAS. H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Defendant, Mitchell Hobbs, was convicted of the offense of stealing a mule and given an indeterminate sentence in the penitentiary of from two to twenty-one years. He appeals.

Defendant and Isom Estep were first jointly indicted for stealing a horse. Estep was tried and convicted. Thereafter a new trial was granted and the indictment dismissed against him.

After several continuances by the defendant, Mitchell Hobbs, the indictment charging him with stealing a horse was re-referred to the grand jury and a new indictment returned charging him with stealing a mule.

According to the evidence for the Commonwealth, Hobbs and Estep were in the village of Williamson, West Virginia, in company with one Patton Maynard. All three of them were more or less intoxicated. Maynard had a horse which was hitched near the saloon where they were drinking. The prosecuting witness, John Farley, owned a mule which was also hitched nearby. Later in the evening when Farley went to get his mule he found that it was gone. They then started out in pursuit of the horse and mule. In the meantime Hobbs had sold the horse and had also tried to sell the mule for the sum of $125, when the mule, as a matter of fact, was worth $150. Defendant was in possession of the mule.

According to the evidence for the defendant, he disclosed to Patton Maynard the fact that he and Estep lived in Pike County, Kentucky, and were some distance from home. Thereupon Maynard told him that he had a horse and mule hitched down near a blacksmith shop, and gave them authority to take the horse and mule and ride home. As Hobbs was a horse trader, Maynard also gave him authority to sell the horse and mule and account for the proceeds. Defendant is corroborated in this statement by the depositions of two witnesses who claim to have been present, and also by the deposition of Maynard himself.

Defendant did not introduce Maynard's deposition, but the Commonwealth, at the conclusion of defendant's testimony, introduced Maynard, who was then present, and he denied on the stand the facts detailed by the defendant and the other witnesses, and theretofore given in his deposition. On cross-examination he was asked if in giving his deposition he had not made certain an-

swers, but denied giving them. Thereupon the defendant offered his deposition in evidence, but the court declined to permit it to be read.

It is insisted that the court erred in permitting Maynard to testify in rebuttal, before his deposition was read in evidence. This was not error. The deposition of a witness can only be used if the witness be dead or is absent from the State or physically unable to attend for examination in court at the time of the trial. Criminal Code, section 153. Maynard being present, it was necessary for him to testify orally in court. As defendant and other witnesses had testified that he had given permission to the defendant to use the horse and mule, it was of course competent for the Commonwealth to prove the contrary. But as Maynard on cross-examination denied giving certain answers to certain questions contained in his deposition, it was competent, for the purpose of contradicting him, to show by his deposition that he had made the answers about which he was cross-examined. That being true, the trial court erred in rejecting the deposition, and in refusing to permit defendant to read from the deposition the answers about which witness had been cross-examined. That this was prejudicial there can be no doubt. Defendant's whole defense depended on whether or not Maynard had authorized him and Estep to take the horse and mule and sell them and account for the proceeds. When, therefore, Maynard denied giving the defendant such authority, though he had previously testified to the contrary in the deposition given by him, and defendant was thus deprived of the opportunity of showing that he had stated in his deposition that he had given such authority, the jury might well conclude that there was no basis for such defense.

The court did not err in instructing the jury that if they believed from the evidence beyond a reasonable doubt that the mule was unlawfully, willfully and feloniously taken and stolen from J. B. Farley in the State of West Virginia by the defendant, and by him brought into Pike County, Kentucky, they should find the defendant guilty as charged in the indictment. It is well settled in this State that if a person steals a horse in another State and it is carried by him into this State, such act constitutes a fresh asportation in this State, and the offender may be indicted and punished in this

State.   Tramwell v. Commonwealth, 148 Ky., 624; Ferrill, &c. v. Commonwealth, 1 Duvall, 154.

Another error relied on is the failure of the court to give an instruction offered by the defendant telling the jury in substance that if they believed from the evidence that the defendant was so intoxicated that he did not know the crime he was committing, they should find the defendant not guilty.   While it is true that in crimes such as a larceny where a felonious intent must be shown, defendant may show that he was too drunk at the time to have any intent; Keeton v. Commonwealth, 13 Ky., 748; Williams v. Commonwealth, 24 Ky. L. R., 465; Roberson on Criminal Law, section 32; we conclude that the refusal of such an instruction was not error under the facts of this case.   While there is evidence tending to show that the defendant was intoxicated on the day that he took the mule, the evidence does not show that the next day, after the asportation into Kentucky, he was still intoxicated.

Complaint is further made of the fact that defendant was indicted a second time, and that there was no order of court quashing the first indictment.   It is, therefore, argued that he was put in jeopardy twice for the same offense.   Even if it be true that two indictments were pending against him at the same time, their mere pendency, coupled with a trial of one of them, did not put defendant twice in jeopardy for the same offense.   It is only where the defendant has been tried on one indictment and either acquitted or convicted, and he is again tried on the second indictment for precisely the same offense, that he can be said to be placed twice in jeopardy.

In view of another trial, we deem it proper to say that the court, in addition to the instructions given on the first trial, should give the following instruction:

If you believe from the evidence that Patton Maynard represented to the defendant that the mule in question was his, and authorized the defendant to ride the mule into Pike County, and then to sell him and account to said Maynard for the proceeds, and that the defendant in good faith believed that the said mule was the property of said Maynard, and that the defendant did not feloniously take and carry said mule away, you will find the defendant not guilty.

Judgment reversed and cause remanded for new trial consistent with this opinion.