## Atkins v. Commonwealth.

(Decided April 17, 1928.)

## Appeal from Lawrence Circuit Court.

1. Witnesses.—Under Civil Code of Practice, sec. 597, evidence produced for the purpose of impeaching a witness as to his general reputation for untruthfulness or immorality such as renders him unworthy of belief may be considered only for the purpose of impeaching the testimony of such witness, and may not be considered as substantive evidence in the case.

2. Criminal Law.—Under Civil Code of Practice, sec. 597, it is error for the court not to admonish the jury relative to the proper use of impeaching testimony, where the proper steps are taken by the defendant in objecting to the evidence.

3 Criminal Law.—In prosecution for feloniously breaking into dwelling house and stealing furniture therefrom, failure of court to admonish jury that testimony as to bad moral character of defendant, as to truthfulness and morality, offered as impeaching testimony pursuant to Civil Code of Practice, sec. 597, should be considered only to affect credibility of the witness, and not as substantive evidence in the case, held prejudicial error.

4. Witnesses.—Before a witness may testify to the bad reputation of another for truthfulness or morality, he must state that he knows the general reputation of the person about whom he testifies, and his testimony cannot be received where he does not know the general reputation of such person in the vicinity where such other person lives.

5. Burglary.—In prosecution under Ky. Stats., sec. 1162, for feloniously breaking into dwelling house and stealing furniture therefrom, where defendant admitted taking property but claimed a sale, instruction as to what the jury must find in order to find defendant guilty of the crime should have followed the language of the indictment, including the allegation that the taking was felonious, a taking "feloniously" meaning a taking proceeding from an evil heart or purpose.

C. F. SEE, JR., and W. T. CAIN for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attroney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Ora Atkins and Monroe Atkins, his brother, were indicted in the Lawrence circuit court for feloniously breaking into the dwelling house of John Hickman with intent to steal, and for feloniously stealing therefrom

beds, bedsteads, tables, and buffets, of the value of more than $20, the property of John Hickman, against his will and consent and with the fraudulent intent to convert same to their own use. On the trial of the indictment Ora Atkins was found guilty and his punishment was fixed at imprisonment for two years and one day. He appeals.

John Hickman was a miner. In the winter of 1926 he left his home in Lawrence county, taking his wife and children with him, and went to West Virginia. He locked up his house, leaving most of his furniture there, taking with him only such as was needed for light housekeeping in West Virginia, and expecting to return some time later. In the following June he learned that the house had been entered and found the property missing from the house in the defendant's possession or in the possession of others to whom he had delivered it.

The proof for the commonwealth showed these facts: Ora Atkins lived nearby, and he and Hickman had known each other for years. Ora Atkins hitched two mules to a wagon one Saturday evening, took his wife and a neighbor boy in the wagon and drove over to this house. He entered it through a window on the front porch and then opened the kitchen door and took out the furniture. The exact time when this was done, under the proof for the commonwealth, is not made very clear except that when he got back with the furniture it was pretty well in the night.

The proof for the defendant showed these facts: In March, 1926, Hickman came back to the neighborhood from West Virginia, and while there he met Charley Neece and said to Neece that he had had some family trouble and had to sell his property there and asked Neece if he wanted to buy some second-hand furniture. Neece told him, "No," but told him that Ora Atkins was there and was a young married man, and that maybe he would buy it. Thereupon Hickman, who was drinking, got to trading with Ora Atkins; Atkins said he had but $10, and Hickman said that was all right, that he could pay him the balance as soon as he got it. Thereupon Atkins and Hickman went to the house which was not far away. Hickman pointed out to Atkins the furniture that he would sell him for $50. Atkins paid him the $10, and Hickman said that he would let the furniture stay in the house until Atkins could move it and said he would leave the kitchen door unfastened so he could enter and get it

at any time he so desired. Monroe Atkins, Richard Stidman, and Clyde Skaggs were all present at the time of the transaction, and all testified to the same effect.

On the other hand, Hickman denied seeing Ora Atkins at all or having any conversation with him or Neece, and in rebuttal Hickman showed by a number of witnesses that Ora and Monroe Atkins, Richard Stidman, and Clyde Skaggs were men of bad reputation for truthfulness, but there was no impeachment of Charley Neece. The defendant testified that the kitchen door was not locked.

The first objection made is that, though the defendant objected to all the testimony impeaching the reputation of the defendant and his witnesses, the court did not admonish the jury as to the purpose for which this evidence might be received. While under section 597 of the Code a witness may be impeached "by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief," such evidence may only be considered by the jury for the purpose of impeaching the testimony of the witness, and it cannot be considered as substantive evidence in the case. Before the amendment of the Code it was uniformly held that it was prejudicial error for the court to fail to admonish the jury as to the purpose for which the evidence might be considered, but since the amendment to the Code (see Criminal Code of Practice, sec. 353), providing that a judgment for conviction may only be reversed where upon the whole case the substantial rights of the defendant have been prejudiced, the court has in some cases refused to reverse where on the whole case the real truth was so apparent that the error could have had no effect on the result of the trial. But the court has held to the rule that it is an error not to admonish the jury where the proper steps are taken by the defendant in objecting to the evidence. Johnston v. Commonwealth, 170 Ky. 766, 186 S. W. 655; Clark v. Commonwealth, 201 Ky. 624, 257 S. W. 1035; Davidson v. Commonwealth, 204 Ky. 419, 264 S. W. 1051.

In view of the number of impeaching witnesses introduced here, the fact that the defendant was also impeached, and all the circumstances of the case, the court is unable to say here that this is not substantial error. The defendant may not be convicted because he was a man of bad reputation for truthfulness. He may only be

convicted when he is proved guilty beyond a reasonable doubt.

As the case must be tried again, attention is called to the fact that before a witness may testify to the bad reputation of another for truthfulness or morality, he must state that he knows the general reputation of the person, and his testimony cannot be received where he does not know the general reputation of the person in the vicinity where he lives.

The court, in substance, instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, Ora Atkins, feloniously broke into the dwelling house of John Hickman with the felonious intent to steal, and "did steal articles or any article of value therefrom," they should find him guilty as charged in the indictment.

The indictment was found under section 1162, Ky. Statutes, which makes it a felony if any person "shall feloniously break into any dwelling house or any part thereof, . . . and feloniously take away anything of value, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years." The indictment was sufficient under this statute and properly set out the things which the defendant was accused of taking from the house. The taking of the property is an essential part of the offense, and the instruction should have followed the indictment in setting out the property taken, for this was the charge the defendant was required to meet by the indictment. There was some proof that other things were missing from the house. The instruction should have followed the language of the indictment, and in lieu of the words placed in quotation marks above, should have told the jury, "and did feloniously take away therefrom, beds, bedsteads, tables, or buffets, or any part thereof, of any value, the property of John Hickman, without the consent of said Hickman and with the felonious intent to convert same to his own use," they should find him guilty as charged in the indictment.

The defendant admitted taking the property; his real defense was not clearly stated to the jury.

In Hobbs v. Commonwealth, 156 Ky. 847, 162 S. W. 104, the defendant was indicted for stealing a mule. His defense was that he got the mule from Patton Maynard, who represented that he owned the mule and authorized him to sell it. The court directed an instruction to be

given submitting to the jury clearly the defense which the defendant presented. A like ruling has been made in a number of other cases. On another trial the court, in addition to the instructions heretofore given, will give the jury this instruction:

> "Feloniously means proceeding from an evil heart or purpose. If the defendant purchased the property from Hickman and entered the house and took away the furniture, in good faith, the jury will find the defendant not guilty."

Judgment reversed, and cause remanded.