## Mays et al. v. Commonwealth.

(Decided October 13, 1936.)

S. H. RICE for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

Jack Mays and Thurmond McIntosh appeal from a one-year sentence for horse stealing.

Failure to give a peremptory instruction is the first ground urged for a reversal. The evidence for the commonwealth is as follows: On March 3, 1936, Albert Brandenburg rode his horse into Booneville and hitched it at a livery stable there. Returning that afternoon, he found his horse gone. Accompanied by Terry Mainous, deputy sheriff, and James Harvey, city marshal, and

another person, he set out to locate his horse. At a point about a mile and a half from Booneville he overtook appellants, who were riding rapidly away from Booneville toward their home. According to appellants, they went to Booneville that afternoon with one Mark Baker, and all of them were intoxicated, and Baker told them that, if he got into trouble and was arrested, and he was, they could ride his horse home. Acting on this statement, they left Booneville and, on reaching a point outside the city, remembered the horse and one of them came back to get the horse. They disclaimed any intention to steal the horse and claimed that they thought the horse belonged to Baker. The commonwealth then proved by Mainous and Harvey that, when confronted by appellants, Mark Baker denied that he had ever given them permission to take the horse away. Whereupon Jack Mays, one of the appellants, commenced crying and admitted to the officers that he had lied to them. The argument is that there was no secrecy attending the transaction, but the appellants took the horse in broad daylight and there was no showing whatever of a felonious intent. In reply we need go no further than to say that not only is the case one of conflicting evidence, but that it is the established rule in this state that possession of stolen property shortly after the theft casts upon the possessor the burden of showing his innocence by explaining possession to the satisfaction of the jury, and is of itself sufficient to sustain a conviction for larceny. Jacobs v. Commonwealth, 260 Ky. 142, 84 S. W. (2d) 1.

The failure to give the whole law of the case presents a more serious question. First it is claimed that an instruction on drunkenness should have been given. The rule is that, where intent is an element of the crime charged, evidence of drunkenness is admissible to show absence of intent, and where, in a prosecution for larceny, there is such evidence, the failure to charge that, if the accused was too drunk to have any intent to steal or convert the property to his own use, he should be acquitted, is reversible error. Mearns v. Commonwealth, 164 Ky. 213, 175 S. W. 355. Here there was evidence that both appellants were intoxicated at the time the horse was taken. It follows that an instruction on the legal effect of drunkenness should have been given. Blackburn v. Com., 200 Ky. 638, 255 S. W. 99.

It is next claimed that appellants were entitled to a specific instruction presenting the defense that Mark Baker represented that the horse was his and authorized them to ride the horse home, and that they, believing in good faith that the horse did belong to Baker, took him for the purpose of riding him home, and did not feloniously take and carry away the horse. The precise question was before the court in Hobbs v. Commonwealth, 156 Ky. 847, 162 S. W. 104, and we there held that such an instruction should have been given.

Judgment reversed and cause remanded for a new trial consistent with this opinion.