## Allen v. Commonwealth.

Feb. 24, 1939.

JAMES M. GILBERT, Judge.

R. S. ROSE for appellant.

HUBERT MEREDITH, Attorney General, and WM. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Joe Allen was charged with housebreaking and it was further charged in the indictment that he had twice been previously convicted of felony. By the verdict of the jury, his punishment was fixed at confinement in the penitentiary for life, and from the judgment entered on that verdict, he prosecutes this appeal.

This is the second appeal of this case, the opinion of this court on the first appeal being found in 272 Ky. 533, 114 S. W. (2d) 757, 761. In that opinion this court said:

"This indictment should have alleged, and the proof should have established, that housebreaking is a felony in Virginia, and that the circuit court of Dickenson county, Va., had jurisdiction to try Allen for that."

One of the previous convictions of felony charged in the indictment is a conviction of housebreaking in the State of Virginia. Appellant was again tried on the same indictment condemned in the opinion of this court on the former appeal. The indictment did not charge that housebreaking is a felony in Virginia and did not allege that the circuit court of Dickenson County, Va., had jurisdiction to try Allen on that charge. Whether that opinion is right or wrong is immaterial, as it is the law of the case and must be followed. The indictment was insufficient for the reason pointed out in that opinion, and the case must be reversed for this reason.

Appellant also contends that the court should have given an instruction on drunkenness. He was charged with breaking in the depot at Harlan and stealing pennies out of a vending machine. He admits he was at the depot on the night the depot was broken into but testifies that he was so drunk that he has no recollec-

tion of what happened; that he remembers being at the depot drinking but remembers nothing further than that until the next morning when he woke up in jail. In view of this testimony, the court should have given an instruction on drunkenness. Intent to steal is an element of the crime of housebreaking and, where intent is an element of the crime charged, evidence of drunkenness is admissible to show the absence of intent. In a prosecution for crime in which intent to steal is an essential element, and where the evidence justifies it, the failure to charge that if the accused was too drunk to have any intent to steal or convert property to his own use, he should be acquitted, is reversible error. Mays et al. v. Commonwealth, 265 Ky. 558, 97 S. W. (2d) 419; Brennon v. Com., 169 Ky. 815, 185 S. W. 489.

Appellant contends that the court committed error in refusing to allow him to prove his plea of former jeopardy. We are unable to say whether any error was committed in this regard or not, as no proof was offered as to a former conviction or acquittal. The record is silent on this question.

As the case must be retried, we may as well point out that both the indictment and the instructions were insufficient to warrant a conviction under the Habitual Criminal Act. Kentucky Statutes, Section 1130. In order that a conviction may be considered the third conviction under the Habitual Criminal Act, the accused must have committed, and been convicted of, a second felony subsequent to his conviction of a first one, and the third crime and conviction thereof must be subsequent to the second conviction. This matter is fully discussed in the case of Cobb v. Commonwealth, 267 Ky. 176, 101 S. W. (2d) 418. See also Coleman v. Commonwealth, 276 Ky. 802, 125 S. W. (2d) 728, decided February 14, 1939, On the next trial, the indictment should conform to the principles enunciated in that opinion and the jury instructed accordingly.

The trial court also failed to give an instruction on the specific penalty for housebreaking. As a result thereof, the jury had no option as to the amount of punishment to be inflicted. They were required either to find the defendant guilty and fix his punishment at confinement in the penitentiary for life or to find him not guilty. This was erroneous. In this character of prosecution the jury has the right to find the defendant

guilty of the particular crime charged and fix his punishment accordingly without being required to find him guilty under the Habitual Criminal Act. The trial court should have instructed on the specific penalty for housebreaking. This question is fully discussed in the case of Coleman v. Commonwealth, supra.

The judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.