## Christian v. Commonwealth.

January 12, 1951.

James S. Forester, Judge.

F. M. Jones for appellant.

A. E. Funk, Attorney General, Walter C. Herdman, Assistant Attorney General, for appellee.

CLAY, COMMISSIONER—Reversing.

Appellant was convicted of operating an automobile without the owner's consent, and was sentenced to serve three years in the state reformatory. On this appeal he urges: (1) the evidence was insufficient to sustain the conviction, and (2) he was entitled to an instruction covering his defense.

A new Studebaker car was stolen from Clarence Coleman. About 6:30 the next morning two members of the Fayette County Police Patrol found the car stopped on a highway near Lexington. Appellant, with four other boys, was attempting to push the car up a hill because it was out of gasoline. One of the officers testified appellant stated he was the driver of the car. When the officers became suspicious, appellant attempted to escape. The County Judge of Harlan County testified appellant had told him that he had taken the car.

Appellant's defense was that one of the other boys was driving the car and he was simply a passenger without knowledge it had been stolen.

Appellant argues that because there was no direct proof that he took or operated the automobile, the evidence was insufficient to sustain the conviction. He was, however, with the others in joint possession of a stolen automobile. It was not necessary that he actually drive it. Lunce v. Commonwealth, 289 Ky. 706, 160 S.W.2d 3. In addition, there is testimony he admitted he was the driver, and he was attempting to escape. This proof was ample as a basis for the conviction.

Appellant's defense was that he did not know the car was stolen, and was simply a passenger. The court did not give a specific instruction covering this defense. In Hobbs v. Commonwealth, 156 Ky. 847, 162 S.W. 104, and Mays v. Commonwealth, 265 Ky. 558, 97 S.W.2d 419, this Court has held that under similar circumstances such instruction should be given.

The failure of the trial court to do so constitutes reversible error.

The judgment is reversed for a new trial.