## HORN v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 10, 1952.

Thomas A. Waller, Rodney J. Thompson, Winchester, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

CLAY, Commissioner.

Appellant was convicted of grand larceny and sentenced to one year and a day in the penitentiary. He, along with one James McCarty (who was likewise convicted) fol-

lowed the complaining witness home. Upon reaching her front yard, she had laid down her pocketbook and begun raking leaves. Appellant offered to help clean up the yard, but his offer was declined. He thereupon gathered some leaves together and set them afire. McCarty, who had come with him, snatched up the pocketbook and ran off. Appellant ran too. Later appellant returned the pocketbook to the complaining witness through a third person. It had contained $50 in cash, and upon its return $10 was missing. McCarty testified that he and appellant had agreed to take the pocketbook when they saw the complaining witness walking down the street with it.

■ Appellant's principal ground for reversal is that the instructions were erroneous and did not give the jury the whole law of the case. He first contends that the instructions erroneously permitted the jury to find appellant guilty as a principal. The argument is that admittedly McCarty took the pocketbook, and therefore appellant could only be an aider or abettor. However, the indictment did not charge the taking of a pocketbook, but the taking of money. According to the evidence, the jury could believe that both McCarty and appellant agreed to steal the money, and that the one who had the first opportunity would snatch the pocketbook. The jury could find that both parties were principals in a planned theft.

Appellant next insists that he was entitled to a separate instruction covering his defense that he came into possession of the pocketbook at the request of the complaining witness. He testified that she asked him to catch McCarty, and it was upon her instructions that he subsequently picked up the pocketbook. Appellant relies upon Evitts v. Commonwealth, 257 Ky. 586, 78 S.W.2d 798, wherein it was held that when an accused admits an offense or the essential elements of an offense but relies upon facts or circumstances amounting to an avoidance of the crime, he is entitled to an instruction on his theory of the case. In that case the defendant, accused of receiving stolen goods, testified that he had come into their possession at the request of the

chief of police. See also Mays v. Commonwealth, 265 Ky. 558, 97 S.W.2d 419.

■ ■ There are three reasons why appellant's position on this point cannot be sustained. In the first place, the right to a special instruction arises only where the defendant admits the commission of the apparent offense and attempts to avoid it by showing some legal excuse. See Frazier v. Commonwealth, 291 Ky. 467, 165 S.W.2d 33. The offense with which appellant was charged was stealing money. It was committed, if at all, when McCarty, acting in concert with appellant, made off with the pocketbook containing the money. Appellant denied he had anything to do with this taking. Since he denied the act itself, his excuse for later coming into possession of the pocketbook was not such a special defense as required a separate instruction.

■ In the second place, a special defense need not be set out in an affirmative instruction where it is plainly embodied in the instructions given. See Jones v. Commonwealth, 307 Ky. 286, 210 S.W.2d 956. The instruction given by the court advised the jury that they could find appellant guilty only if they believed beyond a reasonable doubt that he took the money "without the permission or consent" of the complaining witness. It would be utterly superfluous for the court to give a separate instruction restating exactly the same circumstance.

■ Finally, if we concluded that such an instruction should have been given, the error in failing to do so would not have been prejudicial. The facts in this case are simple, and the jury could not have failed to understand the nature of the charge and the elements of the offense. They chose to believe, and there was ample evidence to support the conclusion, that appellant with McCarty planned and executed a deliberate theft.

■ What we have just said also covers appellant's contention that the jury should have been specially instructed that he could not have been found guilty if McCarty took the pocketbook in jest.

Appellant next contends that the court should not have instructed the jury that McCarty was an accomplice, which was done to limit the effect of his testimony. Appellant says this constituted a peremptory instruction for the Commonwealth because if McCarty was an accomplice, then ipso facto appellant must be the principal. Obviously this reasoning is unsound because an accomplice may be the principal.

Appellant next contends that the cross examination of the Commonwealth's attorney was improper in asking appellant if he had any money in his shoes when he was taken to jail. He denied this, and the question could not have been prejudicial.

Appellant next argues the indictment was vague and indefinite because it did not show clearly whether or not appellant was indicted for taking money or the purse. The indictment is clear enough on this point.

Appellant lastly contends he was entitled to a peremptory instruction because the evidence was as consistent with innocence as guilt. The rule invoked is only applicable in cases where the evidence is purely circumstantial. See Williams v. Commonwealth, 312 Ky. 752, 229 S.W.2d 765.

The judgment is affirmed.