## CHRISTIAN v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 6, 1953.

J. K. Beasley, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen. and Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Howard Christian, has been again convicted of the crime of operating an automobile without the owner's consent. His punishment was fixed at one year's imprisonment. A former conviction was set aside because of the omission of an instruction submitting his defense that he was only a passenger in the car. Christian v. Commonwealth, 314 Ky. 365, 235 S.W.2d 774. The evidence is recited in that opinion.

Th indictment charges Christian and four others, namely, Moore, Flowers, Laws and Davis, as principals. Raymond Lane testified for the Commonwealth that he had been picked up by Christian on the street and had ridden with him to a point near Lexington where the parties were arrested; that Christian drove the car and attempted to escape from the police officers during their investigation. The defendant, by cross-examination, brought out evidence which strongly tended to show that Lane had participated in the commission of the offense, and he, Christian, testified that Lane had taken the car and he was an innocent passenger.

The appellant seeks a reversal of the judgment on the following grounds: (1) Error in omitting an instruction that he should not be convicted upon the uncorroborated testimony of Lane as an accomplice, as is prescribed by Secs. 241 and 242, Criminal Code of Practice; and (2) That as Lane was not named in the indictment, it was error to instruct that Christian might be found guilty as his aider and abettor.

It would have been better to give an instruction on corroboration of an accomplice, but it is doubtful if under all the proof the omission was prejudicial as the trial court ruled. See Fox v. Commonwealth, 248 Ky. 466, 58 S.W.2d 608.

It has been the consistent ruling, beginning with Mulligan v. Commonwealth, 84 Ky. 229, 1 S.W. 417, that in order to convict a defendant as an aider and abettor, the principal must be indicted jointly with him or if he be indicted alone, the indictment must disclose the name of the principal and give a description of his acts or participation in the crime charged. This is to meet the requirement that the defendant be informed of the facts of the crime he is charged with committing. A late case is Tillman v. Commonwealth, 259 Ky. 73, 82 S.W.2d 222. Similarly, where the indictment charges the defendant on trial and other named persons with committing the crime, an instruction not limited to aiding and abetting the other persons, or a person named is erroneous since he could not reasonably anticipate and prepare to meet evidence that he had aided and abetted some person other than one named in the indictment. Taylor v. Commonwealth, 28 Ky.L.R. 819, 90 S.W. 581; Smith v. Commonwealth, 257 Ky. 669, 79 S.W.2d 20.

▮ The Attorney General recognizes this settled rule but suggests that it should not be so stringent where the accused is indicted with other named persons since he is thereby advised that proof of participation with somebody else will be presented, and that he could not be prejudiced by an instruction which links him with any other particular person. It is pointed out that the Commonwealth merely proved by Lane that Christian had possessed and driven the automobile and the defendant himself by his cross-examination of Lane, and more especially by his own testimony, incriminated Lane. So it is rationalized that this situation makes an exception to the general rule because the defendant made it necessary to give the particular aider and abettor instruction. The argument overlooks the basis of the rule. So we cannot accede to this commendable effort to avoid a second reversal and thereby make another trial necessary. We are impelled to reverse the judgment.