Doris RAY and Bee Wright, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1955.

F. Dale Burke, Pikeville, for appellants.

J. D. Buckman, Jr., Atty. Gen., George B. Akin, Asst. Atty. Gen., for appellee.

CAMMACK, Judge

Doris Ray and Bee Wright are appealing from their conviction of unlawfully and feloniously breaking and entering the building of another and stealing goods therefrom. They, together with Eugene Miller Johnson, were indicted for breaking into the lunch room of the Virgie High School in Pike County, and stealing articles of food which allegedly they ate while driving around in an automobile after the breaking. Ray and Wright were tried together and sentenced to two years' imprisonment.

Approximately two weeks after the break-in occurred, Eugene Johnson signed a confession which implicated both Ray and Wright. It stated that Ray broke out a window in the lunch room, entered the room and handed out food to Johnson, who took it to the car. The confession did not specify Wright's role in the break-in, other than to state that he was a party. It also mentioned a fourth party, the driver of the car, who was unknown to Johnson.

The day after Johnson made his confession it was signed by Wright before a justice of the peace. Ray refused to sign it and denied any connection with, or knowledge of, the crime. At the trial the Johnson-Wright confession was admitted as evidence without any qualification by the court as to its effect or application. Wright testified he was intoxicated when he signed the confession, and did not remember signing it. Also, he denied any connection with the crime. A deputy sheriff testified that Wright said he was drunk and had remained in the car while the others brought the food out.

The only testimony against Ray, other than the Johnson-Wright confession, was that of the high school principal who said Ray told him that he remained outside while the others broke into the school; and that he (Ray) was willing to pay the value of the goods taken. Ray admitted that he talked with the principal and offered to pay for the goods, but he denied saying he had been a party to the crime. He said this conversation occurred six months after his indictment and he wished to keep down publicity because his younger brother and sister were attending the school.

On this appeal Ray contends that the court committed prejudicial error by admitting as evidence against him the Johnson-Wright confession. Wright contends that (1) the evidence was insufficient to show his participation in the crime; and (2) the evidence necessitated an instruction on his drunkenness and its effect upon the question of his intent to commit the offense with which he was charged.

■ Aside from the question of conspiracy, the confession was improperly admitted as evidence against Ray. It was mere hearsay, and therefore inadmissible. It did not bear his signature, hence was not an admission on his part. Nor was the statement made in his presence so as to constitute a tacit admission.

■ On the question of a conspiracy, it is well settled that evidence of a conspiracy is admissible under an indictment charging only a particular offense. Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d. 524; Crenshaw v. Commonwealth, 227 Ky. 223, 12 S.W.2d 336; Day v. Commonwealth, 173 Ky. 269, 191 S.W. 105; 11 Am. Jur., Conspiracy, section 37. When a conspiracy is established, the acts and declarations of each participant are admissible against his co-conspirators. Canada v. Commonwealth, 281 Ky. 641, 136 S.W.2d 1061; 11 Am.Jur., Conspiracy, section 40; but this type of evidence is competent only when a prima facie showing of the conspiracy is made. Canada v. Commonwealth, 281 Ky. 641, 136 S.W.2d 1061; Davis v. Commonwealth, 256 Ky. 423, 76 S.W.2d 259. Even after such independent proof of the conspiracy is shown, statements of the conspirators are admissible against each other only if the statements were made in furtherance of the common purpose; and only if the conspiracy existed at the time the statements were made. Meadors v. Commonwealth, 281 Ky. 622, 136 S.W.2d 1066; Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d 524; 11 Am.Jur., Conspiracy, sec-

tion 41. Applying these principles to the instant case, it is clear that the Johnson-Wright confession should not have been admitted as evidence against Ray. There was no prima facie showing of a conspiracy between the appellants and Johnson. Furthermore, it can not be said that the statement was made in furtherance of the objects of a conspiracy, and it is clear that the conspiracy, if any, had terminated at the time the confession was made. The statement by Johnson and Wright was highly prejudicial to Ray, and, therefore, it was reversible error to permit its introduction as evidence against him.

Wright's first contention on this appeal is that the evidence against him merely pointed to his presence in the automobile at the time of the crime and did not show his participation in the unlawful act. It is true that mere presence, in the absence of some sort of participation in a crime, is not sufficient to constitute one an aider and abettor. Alexander v. Commonwealth, 285 Ky. 233, 147 S.W.2d 401. However, Wright signed the confession which read, "On the night of February 23rd, Monday night, 1953, that myself, Eugene Miller Johnson, Bee Wright and Doris Ray did break into the Virgie High School lunch room * * *." This, of itself, was sufficient evidence to support a conviction as a participant in the crime.

Wright next contends that the court should have given an instruction on intoxication. It is axiomatic that it is the duty of the trial court to instruct on all the law in a criminal case and to present fairly the defense of the accused. Intent to steal is an element of the crime with which Wright was charged. We have held that in a prosecution for a crime in which intent to steal is an essential element, it is reversible error to fail to charge that the accused should be acquitted if he was too drunk to entertain the required intent. Allen v. Commonwealth, 277 Ky. 168, 125 S.W.2d 1013; Mays v. Commonwealth, 265 Ky. 558, 97 S.W.2d 419; Brennon v. Commonwealth, 169 Ky. 815, 185 S.W. 489. These cases, of course, make it clear that such an instruction must be justified by the evidence.

We think there was sufficient evidence to support an instruction on Wright's drunkenness. A deputy sheriff testified that Wright told him he remained in the car while the school was broken into, and was drunk and did not know what articles had been taken from the school. Wright testified that he was a heavy drinker; that he did not remember anything about the night the crime was committed; and that he was drunk when he signed the confession and did not know what he was signing. The tenor of all the evidence on the question is that Wright, due to intoxication, could remember nothing about the crime. Under these circumstances, an instruction should have been given on intoxication and its effect upon the intent required for the commission of this crime.

The judgments are reversed, with directions to set them aside, and for proceedings consistent with this opinion.