**Charles LeRoy HAMM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 29, 1957.

Walter C. Cox, Jr., James R. Richardson, Thomas P. Bell, and Darrell B. Hancock, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Paul H. Mansfield, Commonwealth's ·Atty., Lexington, for appellee.

WADDILL, Commissioner.

The appeal is from a conviction of storehouse breaking, KRS 433.190, and sentence of imprisonment for life under the Habitual Criminal Statute, KRS 431.190.

A reversal of the judgment is sought on the ground that the instructions were preju-dicially erroneous. The basis of this contention is that instruction No. 5, which authorized the jury to fix Hamm's punishment at imprisonment for life under the Habitual Criminal Act, deprived the jury of its discretionary right to fix his punishment for the single offense of storehouse breaking as prescribed by instruction No. 1.

The court gave seven separate instructions. Instruction No. 1 submitted the question of Hamm's guilt of the crime of storehouse breaking in the usual form and provided a penalty of not less than one nor more than five years' imprisonment in the event the jury found Hamm guilty of that charged. Instructions Nos. 2, 3, and 4 defined certain terms. In substance, instruction No. 5 submitted that if the jury found Hamm guilty under instruction No. 1, and should further believe from the evidence beyond a reasonable doubt that he had been convicted of grand larceny in 1937 and of grand larceny in 1953, the jury "will" fix his punishment at confinement in the penitentiary for life. Instruction No. 6 informed the jury that in the event it found Hamm guilty under instruction No. 1, but entertained a reasonable doubt that it had ·been proved that Hamm was convicted of the offenses set out in instruction No. 5, the jury should fix his punishment as provided in instruction No. 1. Instruction No. 7 told the jury that if it entertained a reasonable doubt of Hamm's having been proven guilty he was entitled to an acquittal.

The instructions permitted the jury to return three possible verdicts: (1) not guilty; (2) guilty of storehouse breaking as charged in instruction No. 1; (3) guilty as charged under instruction No. 5.

We concede that instruction No. 5 directed the jury to fix appellant's punishment at imprisonment for life if the jury, having found the appellant guilty of storehouse breaking as·charged, should further believe from the evidence beyond a reasonable doubt that he had been previously convicted of the crime of grand larceny in 1937 and of grand larceny in 1953. We think

this instruction correctly stated the law under KRS 431.190, because this statute mandatorily directs that "any person convicted * * * a third time of felony * * * shall be confined in the penitentiary during his life."

Appellant relies on Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728 and Allen v. Commonwealth, 277 Ky. 168, 125 S.W.2d 1013, as authority for his contention that instruction No. 5 was prejudicially erroneous in that it took from the jury its discretion to fix appellant's punishment for the single offense of storehouse breaking as prescribed by KRS 433.190. The fallacy of this contention was pointed out in the recent case of Green v. Commonwealth, Ky., 281 S.W.2d 637, where we specifically held those cases are controlling authority only in situations where the trial court has failed to prescribe, in the instruction relating to the principal crime, a penalty that the jury may impose.

In the instant prosecution the instructions not only covered the whole law of the case, but the language used in instruction No. 5 conforms with the mandatory directions of KRS 431.190.

Judgment affirmed.