**Jerome COVINGTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

Rehearing Denied June 23, 1972.

John Tim McCall, Louisville, for appellant.

John Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Jerome Covington was indicted on charges of rape, KRS 435.090, indecent and immoral practices, KRS 435.105, and being an habitual criminal, KRS 431.090. On his motion, the trial court deferred the presentation of evidence on the habitual-criminal charge until after the jury had returned its verdict on the first two charges. The jury found him guilty on the first two charges and fixed his punishment at 15 years' imprisonment for the rape and five years' imprisonment for the indecent and immoral practices. The trial then was resumed, before the same jury, and evidence

was presented of two prior felony convictions (in the required sequence as to commission and conviction). The jury returned a second verdict, finding Covington guilty of being an habitual criminal and fixing his punishment at life imprisonment. The trial court then entered judgment imposing all three sentences and directing that they run concurrently. Covington appeals from that judgment.

■ The appellant's first contention is that the instruction on the habitual criminal charge was erroneous in that it gave the jury no option as to the penalty to be imposed if the jury found him guilty of the two prior convictions. He argues that under the decisions in Hall v. Commonwealth, 106 Ky. 894, 51 S.W. 814, and Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728, the jury must be given discretion whether to impose the habitual criminal *penalty* or only the *penalty* for the principal crime. It is true that there is language in *Hall* and *Coleman* so suggesting, but subsequent decisions have made it clear that the jury's discretion is not as to the *penalty* but as to the *finding of guilt*. See Allen v. Commonwealth, 277 Ky. 168, 125 S.W.2d 1013; Green v. Commonwealth, Ky., 281 S.W.2d 637; Hamm v. Commonwealth, Ky., 300 S.W.2d 562; Tuttle v. Commonwealth, Ky., 331 S.W.2d 891; Ingram v. Commonwealth, Ky., 427 S.W.2d 815. As pointed out in *Tuttle,* the instructions should permit the jury to return three possible verdicts, viz., (1) not guilty, (2) guilty of the principal offense charged, or (3) guilty of the habitual criminal charge (which of course embodies a finding of guilty of the principal offense).

■ In the instant case, in the first phase of the trial, the jury was given the option of finding Covington guilty or not guilty of the principal offenses; and in the second phase of the trial the jury was given the option of finding him guilty or not guilty of the habitual-criminal charge. Thus the jury was given all of the required alternatives.

■ In Satterly v. Commonwealth, Ky., 437 S.W.2d 929, this court reiterated the proposition, initially declared in Marcum v. Commonwealth, Ky., 398 S.W.2d 886, and Rodgers v. Commonwealth, Ky., 399 S.W. 2d 299, that where the habitual-criminal charge alleges *two* previous felony convictions the instructions must advise the jury that it has an option to believe that the defendant has been convicted on but one of the previous charges. The instructions in the instant case, we observe, did not conform to that rule, but the appellant does not raise that point and did not raise it in the trial court. Therefore, the error has not been preserved for appellate review. See RCr 9.54.

■ The appellant alleges error in the judgment in imposing sentences for the two principal offenses in addition to the habitual-criminal sentence. The judgment is in error in that regard, for the rule is that if the jury finds the defendant guilty of the principal offense and of the previous convictions, only the penalty prescribed by the habitual-criminal statute shall be imposed and not the penalty for the principal offense. See Canter v. Commonwealth, 274 Ky. 508, 119 S.W.2d 864, and Wolford v. Buchanan, 313 Ky. 512, 232 S.W.2d 1016. The error, however, does not require reversal of the judgment. It is sufficient that the judgment be modified (as we hereby direct) to eliminate the two penalties for the principal offenses.

The appellant's final contention relates to alleged improper argument and remarks by the Commonwealth's attorney. We shall briefly indicate the context of the argument.

Covington was not apprehended at the time of the alleged offenses. He was spotted on the street a few days later, by the victim, and in response to her telephone call to the police they came and arrested him. At the trial a pistol was placed in evidence and identified by the victim as the one used by Covington at the time of rape. There was testimony by the police

that the pistol was found on Covington when he was brought into the police station after being arrested. The defense sought to cast doubt on this testimony by raising a question of why the pistol had not been discovered at the place of the arrest. In his closing argument Covington's attorney mentioned that the arresting officers had not testified and said: "The Commonwealth has all the power in this case. * * * What I am trying to tell you is this: The Commonwealth has the entire police force at its command; it has all the investigative agencies. All they have to do is get on the phone and say, I want two policemen, four policemen, whatever policemen, and they'll be over here to testify in court. The arresting officers weren't here." That was the extent of the reference; the attorney continued with the major portion of his argument addressed to other matters.

The Commonwealth's attorney, in his closing argument, undertook to read a motion which defense counsel had made before trial, that he be furnished with copies of statements, reports and tangible evidence in the Commonwealth's possession. Defense counsel objected, touching off an extended, heated exchange between counsel, in which the Commonwealth's attorney insisted that the defense had been furnished the material requested from the Commonwealth's files, and defense counsel insisted that he had been furnished nothing. The judge was not successful in stopping the argument, and it became more bitter. Defense counsel accused the Commonwealth's attorney of misleading the jury, and he responded with the comment that defense counsel was a liar, which prompted a threat by the latter to take the matter up with the Bar Association. The disputation finally subsided and the Commonwealth's attorney completed his closing argument.

 The appellant claims that he suffered material prejudice from the reference to his motion for production of evidence and the comments made by the Com-

monwealth's attorney in the ensuing argument between counsel. We are not persuaded that there is any reasonable probability that there was any prejudice. The matter of what evidence might have been produced in the testimony of the arresting officers was of no real significance, and the question of whether the defense was or was not furnished with evidentiary material from the Commonwealth's files did not appear to have relevance to any issue of fact the jury was to resolve. The argument between counsel did get out of hand, and neither attorney reflects credit for his conduct, but we are not convinced that the argument was calculated to have any effect on the jury other than to arouse a feeling of disgust with both attorneys or perhaps pleasure at having observed a display of forensics which some laymen think they are entitled to expect from attorneys.

The judgment is affirmed, with the modification hereinbefore directed.

All concur except PALMORE, J.