Eugene Marvin STRONG, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 15, 1974.

Anthony M. Wilhoit, David E. Murrell, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

Eugene Marvin Strong appeals from a judgment entered pursuant to a jury verdict finding him guilty of driving a vehicle without the owner's consent, KRS 433.220, aiding and abetting in a robbery, KRS 433.120(1), and rape of a female over 12 years of age, KRS 435.090. The respective sentences imposed were two years, five years, and life imprisonment. He was found guilty also under the habitual criminal statute, KRS 431.190, with two previous felonies, but in view of the life sentence on the rape charge no sentence was imposed under that statute. Cf. Johnson v. Commonwealth, Ky., 445 S.W. 2d 704, 708 (1969).

The claims of error, and our opinions with respect to each, are as follows:

■ 1. That count 4 of the indictment, covering the habitual criminal aspect of the case, was insufficiently specific.

Count 4 accused Strong of being an habitual criminal in that "prior to the commission of the offenses contained in Counts I, II and III, he committed a felony, which felony conviction was had before the conviction for a second felony, all contrary to KRS 431.190 " etc.

■ In order to simplify the method of pleading the habitual criminal statute, this court by an order effective September 1, 1971, amended Official Form 15 of the Rules of Criminal Procedure to add a specimen form for use in drawing this particular type of indictment. Count 4 in the instant case is defective because it does not identify the previous conviction or convictions.[1] Nevertheless, the deficiency could easily have been cured in response to a timely objection or motion for a bill of particulars. Cf. RCr 6.12, 6.16, 6.22, 8.18, 8.20. It was therefore waived. Vickers v. Commonwealth, Ky., 472 S.W. 2d 469, 470 (1971). Moreover, since the judgment imposed no sentence under the habitual criminal statute there could not have been any prejudice.

■ 2. That it was error for the court to accept a stipulation by counsel for both parties setting forth the two prior convictions without ascertaining, as would be required in the instance of a guilty plea, that the admissions were voluntary on the part of the defendant. The short answer to this contention is that we do not regard a stipulation by which counsel agree that certain facts may be admitted without proof as being the equivalent of a guilty plea, even though those facts might appear to leave the jury no alternative but to convict. Tuttle v. Commonwealth, Ky., 331 S.W.2d 891, 893 (1959), certainly was not intended to suggest a different result. There being no error, we do not reach the question of whether and in what respects the admission of the stipulation may have been prejudicial.

3. That it was error for the court to permit the prosecution to elicit from the defendant on cross-examination, for the purpose of impeaching his credibility, the fact of a third previous felony conviction (which had occurred concurrently with the earlier of the other prior convictions).

On May 17, 1966, Strong had been convicted in the Kenton Circuit Court of two felonies, storehouse breaking (KRS 433.-

---

1. On its face count 4 would appear to embrace only one previous conviction, though two were intended.

190) and robbery (KRS 433.120). On July 27, 1970, he had been convicted in the same court of a subsequently committed robbery. The 1966 conviction of storehouse breaking and the 1970 conviction of robbery were stipulated during the course of the trial and provided the evidentiary support required for a conviction under count 4, the habitual criminal charge, which has been mentioned earlier in this opinion.

Despite the fact that the jury had already been thus informed of two of these three convictions, when Strong was appearing as a witness in his own behalf the Commonwealth was permitted over objection to elicit from him an admission of the other, that is, the 1966 robbery conviction. The jury was duly admonished that this information could be considered only to the extent that it affected Strong's credibility.

It is contended that in view of the stipulation Strong's credibility already had been sufficiently impeached, that the evidence of the third conviction was therefore an unnecessary "overkill," and that it was an abuse of discretion to allow it.

■ Under the principles expressed in Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970), previous convictions of felonies involving dishonesty and stealing are relevant on the issue of the credibility of a witness and are basically admissible in evidence, subject to a duty on the part of the trial court to exercise a reasonable discretion in limiting or disallowing such evidence if its possible prejudice to the witness, especially in a criminal case in which he is the defendant, clearly outweighs its value for impeachment purposes. The kind of considerations that have a legitimate bearing on this determination are illustrated in Cotton as follows (454 S.W.2d at 701, 702):

"The nearness or remoteness of the prior conviction is a relevant factor to consider in the exercise of this discre-

tion. The probability of prejudice is greater where the crime for which the defendant is presently being tried is one of dishonesty or false statement, especially in those instances where he has been convicted several times previously of the same type of crime. The age and circumstances of the defendant are also proper factors."

■ Certainly the conviction in question, of itself and in the absence of the stipulated evidence of the other two convictions, would have been admissible. That is to say, a weighing of the factors enumerated in *Cotton* would not have called for its exclusion. The question here is simply *how many* previous convictions should be admitted, and it really leads into a blind alley, because even though it may be true that the evidence of each additional conviction after proof of the first becomes less valuable, to the point of nonnecessity, so does each become less prejudicial, to the point of nonprejudice. If the point at which the admission of prior convictions becomes error is the same point at which it can add nothing to the damage that has been done to the defendant by what has already been properly admitted, then the error is harmless and cannot provide the basis for a reversal. Though we cannot and do not say that these two points will always be the same, it is our opinion that the possibility of actual prejudice to the defendant in this case from disclosure of the additional conviction in 1966 is so remote that it would be quite unrealistic to set aside the judgment for that reason.

■ 4. That count 2 of the indictment, accusing Strong of aiding and abetting in the robbery of a pocketbook from Pat Donatelli, was defective in failing to indicate the identity or existence of a principal. Cf. Christian v. Commonwealth, Ky., 255 S.W.2d 998, 999 (1953).

The answer to this argument is, of course, the same as our answer with respect to count 4, the habitual criminal

charge. The technical failure of an indictment, in accusing a defendant as an aider and abettor, to name the principal or to state that his identity is unknown, becomes academic in view of the availability of a bill of particulars, RCr 6.22, and in view of RCr 6.12, 6.16, 8.18 and 8.20. If the defendant is not sufficiently informed by the indictment, an adequate remedy is at his disposal, and if he chooses not to avail himself of it he will be considered as having waived the defect.

The judgment is affirmed.

All concur.