Jack HENRY, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee (three cases.)

Court of Appeals of Kentucky.

Aug. 31, 1979.

Jack Emory Farley, Public Advocate, M. Gail Robinson, Asst. Public Advocate, Com. of Ky., Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, HAYES and LESTER, JJ.

WHITE, Judge.

This appeal involves three cases. Two concern resentencing of appellant in 1977 and 1978 for convictions occurring in 1961 and 1964. The third case is an appeal from an order refusing to settle a record of appellant's 1964 trial so that an appeal could now be taken or, in the alternative, in the event the record cannot be settled, that a new trial be granted.

Appellant was tried on June 22, 1961, in the Caldwell Circuit Court on an indictment for storehouse breaking. He was convicted of the charge and sentenced on June 24, 1961, to serve three years in prison. The record is silent as to whether or not counsel for appellant was present at the time of sentencing. Appellant has served this sentence.

On June 29 and 30, 1964, appellant was tried and convicted in the Crittenden Circuit Court for possession of burglar's tools and storehouse breaking. On July 4, 1964, appellant was sentenced to a five-year prison term. This record is also silent as to whether appellant was represented by counsel at sentencing. Appellant has served the term of this sentence.

In 1973, appellant was indicted for burglary, for possession of burglary tools and for being an habitual criminal. He was convicted on all three counts, receiving sentences of eight years, four years, and life imprisonment. Subsequently, upon motion by appellant, the eight- and four-year penalties were eliminated by the trial court because of the greater sentence of life, in keeping with *Covington v. Commonwealth*, Ky., 481 S.W.2d 62 (1972). At trial, appellant moved to have the habitual criminal charge dismissed on the grounds he was not represented by counsel at the 1961 and 1964 sentencing procedures. The 1961 and 1964 convictions were used to sustain the habitual criminal charge.

Upon appeal, the Supreme Court of Kentucky upheld the habitual criminal conviction on the ground that KRS 431.190 provides increased punishment only for *convictions* of prior felonies. The court held that sentencing was not involved and that the lack of counsel at the sentencing stage was not crucial.

After exhausting his state remedies, appellant, on July 18, 1977, petitioned the Federal District Court for a writ of habeas corpus. A judgment was issued September 23, 1977, and a new trial ordered within 90 days on the habitual criminal charge, or if no new trial was forthcoming within the time designated, appellant was to be discharged.

In a memorandum opinion attached to the judgment, the Federal District Judge stated that sentencing was a critical stage under the new Kentucky Criminal Rules and that criminal defendants were entitled to representation of counsel during sentencing. In addition, the memorandum opinion stated:

. . . we hold that the evidence as to the convictions of the petitioner had no weight and that the convictions themselves were invalid. We do not hold, however, that the convictions are void, but merely that petitioner is entitled to a writ of habeas corpus, unless the State grants him a new trial within 90 days after entry of our judgment.

Likewise, nothing we have said here will deter the Commonwealth from affording to petitioner counsel for the purposes of having him resentenced as to the 1961 and 1964 convictions.

In an apparent effort to give full faith and credit to the Federal Court judgment and in keeping with the suggested solution for resentencing, on December 19, 1977, the Cald-

well Circuit Court resentenced appellant to three years in prison on the 1961 conviction. The court credited the time appellant had already served and ordered that appellant serve no further confinement for this sentence. Appellant was represented by counsel at this proceeding.

On February 8, 1978, the Crittenden Circuit Court resentenced appellant on the 1964 convictions. Appellant was sentenced to five years. The court ordered no further confinement of appellant because the sentence had already been served. Counsel for appellant was present at this sentencing hearing.

Appellant now appeals both of these judgments (78–CA–676–MR and 78–CA–723–MR) on the grounds that his Fourteenth Amendment due process rights were violated or, in the alternative, that the 1961 and 1964 convictions themselves are now reviewable. He also contends that the trial courts are without jurisdiction to resentence him and the Federal District Court did not order such action.

The novelty of the question before us is not as much a matter of procedure for resentencing as it is whether the court has any further jurisdiction at all.

If it was merely the matter of resentencing upon a conviction wherein the penalty imposed is to be prospectively served, that would involve the question of unreasonable delay or perhaps persuasion of mitigation of punishment.

■ RCr 11.02(1) provides that the sentence shall be imposed "without unreasonable delay." If delay is unreasonable, a court may lose jurisdiction to impose sentence. *Green v. Commonwealth*, Ky., 400 S.W.2d 206 (1966). A delay of 16 and 14 years respectively in sentencing is patently unreasonable.

■ RCr 11.02 also provides that a defendant be afforded an opportunity to make statements or present evidence or information in mitigation of punishment. RCr 11.04 indicates that the trial judge must decide whether sentences be served consecutively or concurrently. To impose

sentence after it has already been served nullifies any opportunities a defendant is afforded under RCr 11.02 or 11.04.

Thus, the real crux of this case is whether the trial courts have any jurisdiction at all over a person once he has completed the punishment imposed and has been released from custody.

■ To our knowledge, this precise question has not heretofore been passed on by our court. It would seem to us, and we so hold, that satisfaction of the debt to society by a defendant who has served his time of confinement under the conviction precludes subsequent action of any nature against him on that charge.

In the case of *Dillingham v. Commonwealth*, Ky., 249 S.W.2d 827, 828 (1952), the court had before it the question of whether a defendant could appeal a conviction for involuntary manslaughter in which a 90-day jail sentence had been imposed and served. The court there said:

Clearly, the case is moot. Since appellant has already satisfied the sentence of the court, we could make no order on this appeal which would affect her status. We cannot remit the jail sentence already served, and even if we should decide the sentence should not have been imposed, the opinion could not afford appellant any effectual relief in this case.

If the court could not entertain the appeal because the issue was moot, it would necessarily follow that the trial court could not enter any subsequent order or judgment for the same reason.

The federal rule is that the whole matter is moot unless, in consequence of the conviction or sentence, the defendant suffers collateral legal disabilities or burdens; in which event the defendant is considered to have a sufficient stake in the conviction or sentence to survive the satisfaction of the sentence and to permit *him* to obtain a review or institute a challenge. *See* Annotation, 9 A.L.R.3d 462 (1966); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). However, that is not the question before us.

As to the appeal from the trial court order by Special Judge C. J. Waddill (79–CA–200–MR) refusing to settle a record of appellant's 1964 trial, we find that issue now moot.

The judgment of the Crittenden and Caldwell Circuit Courts (78–CA–676–MR and 78–CA–723–MR) resentencing appellant are hereby reversed and the orders resentencing are hereby set aside and this case is remanded to enter orders in conformity with this opinion.

All concur.